## STONE v. THE COUNTY OF. WOODBURY.

1. **Taxation: TOWNSHIP TAXES: COUNTY NOT LIABLE.** Taxes levied by a township for road purposes are, so far as the county is concerned, special in their character, and when they have been collected by the county treasurer and by him paid to the township clerk, they cannot be recovered back from the county even though they have been illegally collected.

*Appeal from Woodbury Circuit Court.*

SATURDAY, JUNE 14.

ACTION to recover of defendant road taxes paid by plaintiff which were levied by Sioux City township. A demurrer to defendant's answer was sustained. The defendant standing upon its answer, judgment was rendered for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*S. M. Marsh* and *M. B. Davis*, for appellant.

*E. H. Hubbard*, for appellee.

BECK, CH. J.—I. The petition seeks to recover upon an order issued by the auditor of Woodbury county upon the treasurer of the county, directing him to refund to plaintiff road taxes levied by Sioux City township for the years 1874,

Stone v. The County of Woodbury.

1875 and 1876, and collected from plaintiff. Upon presentation of the order to the treasurer it was not paid for want of funds. It appears, though the fact is not set out in the pleadings, that in an action by another plaintiff, wherein the plaintiff in this case was not a party, the taxes levied by the township were declared illegal.

The answer of defendant alleges that the order upon which the suit is brought was issued upon a resolution of the supervisors, passed without authority of law; that all the taxes in controversy were paid by the county treasurer to the township clerk and expended for the use of the township; that the tax was not a county tax, and the board of supervisors of the county had no control over it, and it was collected for the use and benefit of the township; that it was not competent for the county to levy a tax of that character, and that the county cannot in any way reimburse itself should it be required to refund the tax in question; and that before the commencement of the action the supervisors by proper resolutions directed the treasurer not to pay the order until provision should be made therefor. Other allegations of the petition need not be here recited. A demurrer to the answer upon the ground that it sets up no sufficient defence to the action was sustained. We will proceed to consider the questions raised by the demurrer.

II. The taxes in question were levied by the township for 1. TAXATION: township taxes: county not liable. road purposes. They are collected and disbursed by the township officers. If unpaid on the second Monday of October they are certified to the county treasurer, who is required to collect them and pay the proceeds to the township clerk. See Code, §§ 969–976. The taxes, it will be observed, when collected became no part of the county funds and cannot be appropriated or disbursed by the county. They are held as a trust fund, to be disposed of as the law provides. Nor has the county any authority to levy taxes to supply any deficiency in the road fund or to take the place of taxes illegally disbursed by the county. So far as the

county is concerned, the taxes are special in their character and devoted to a special purpose. In this respect they are not unlike taxes levied and collected in aid of the construction of railroads. We have held that taxes of this character, when illegally collected and disbursed, cannot be refunded to the tax payers out of the county revenue, and that the county is not liable in an action to recover the taxes. *Butler v. Board of Supervisors*, 46 Iowa, 326; *D. M. & M. R. Co. v. Lowry*, ante, 486.

These cases are decisive of the one at bar. It may be observed that as the county did not levy the taxes, and had no authority so to do under the law, and was not charged with the duty of disbursing them when collected, and was required by the statute to do nothing more than collect and pay them over to the township clerk, there can be no sufficient reason given for holding it liable for the illegal levy, collection and disbursement of the taxes. *Lauman v. The County of Des Moines*, 29 Iowa, 310, is distinguishable from this case. It does not appear that road taxes were involved in that action. The opinion, it is true, holds language to the effect that the relation of the county to the road fund is such that no hardship would result from requiring the county to repay road taxes illegally collected. We have just seen that hardships would result, for the reason that the county would be unable to make payment out of the road fund and is not authorized to levy taxes to be paid into that fund. The question before us not being in *Lauman v. Des Moines County*, that decision will not control this case. The order upon which this action is brought, if drawn against the general county fund, is unauthorized, and recovery therefor cannot be had upon it. If it is drawn upon the road fund it is equally unauthorized, for the county cannot disburse that fund. The fund created by the illegal taxes has been disbursed. The county cannot, therefore, be held liable as the custodian of the money realized from the tax.

In our opinion the answer presents a sufficient defense to

the action, and the court, therefore, erroneously sustained the demurrer.

REVERSED.