[No. 19407.    In Bank.—April 7, 1896.]

## PACIFIC MUTUAL LIFE INS. CO., RESPONDENT, *v.* COUNTY OF SAN DIEGO, APPELLANT.

TAXATION—SCHOOL DISTRICT FUNDS—ACTION TO RECOVER ILLEGAL TAXES PAID UNDER PROTEST—LIABILITY OF COUNTY.—The funds of a school district raised by a special school tax levied by the board of supervisors are not subject to the control of the county, and no action will lie against the county under section 3819 of the Political Code to recover such taxes paid under protest, upon the ground of alleged illegality of the school tax.

ID.—CONSTITUTIONAL LAW—PLEDGE OF CREDIT OF COUNTY—CONSTRUCTION OF CODE.—Under section 31 of article IV of the state constitution, the credit of a county cannot be pledged for the payment of the liabilities of municipal or other corporations, and section 3819 of the Civil Code is to be so construed as not to conflict with the constitution, and as not designed to authorize the recovery from the county of illegal taxes collected for the use of a school district, for which the county could have no recourse against the district, if compelled to pay them.

APPEAL from a judgment of the Superior Court of San Diego County.    E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*M. L. Ward,* and *A. Haines,* for Appellant.

*Parrish & Mossholder,* and *H. T. Creswell, amici curiæ.*

*C. H. Rippey,* and *Rippey & McNutt,* for Respondent.

THE COURT.—A re-examination of the questions presented in this case serves but to confirm the reasoning and conclusion reached in the Department opinion. The judgment is reversed, and the trial court directed to sustain the demurrer to the complaint.

BEATTY, C. J., did not participate in the foregoing decision.

The following is the opinion above referred to, rendered in Department One, on the 21st of August, 1895:

BRITT, C.—Action brought professedly under section 3819, added to the Political Code in 1893 (Stats. 1893, p. 32), for the recovery of alleged illegal taxes paid by plaintiff, under protest, to the tax-collector of the defendant county. It is stated in the complaint that the taxes complained of were levied by the board of supervisors of the county " as and for a special school tax for the city of San Diego school district." The illegality alleged is that the question whether such tax should be raised was not submitted to a vote of the electors of the district, as required by sections 1830–35 of the Political Code. Defendant demurred to the complaint upon the special ground, among others, that the taxes paid by plaintiff " are neither county or state taxes, nor any taxes under the control of the defendant." The court overruled the demurrer, and defendant answered, alleging, with other matters, that the levy was made pursuant to a certain judgment obtained by said school district which became final on appeal to this court. (*San Diego School Dist.* v. *Supervisors*, 97 Cal. 438.) The court sustained a demurrer to the answer and rendered judgment for plaintiff; we need not inquire whether the answer stated a defense.

The funds of the school district are not subject to the control of the county so as to allow a reimbursement of the county for the amount of the judgment, if it should be paid (Const., art. XI, sec. 16; Pol. Code, sec. 1837); and if said section 3819 of the Political Code admits of a construction which would uphold an action of this character, its constitutionality in that particular would admit of debate, for the credit of a county cannot be pledged for the payment of the liabilities of municipal or other corporations. (Const., art. IV, sec. 31.) But it was held in *Elberg* v. *San Luis Obispo County*, decided in Department Two of this court, August 3, 1895,[*] that said section 3819 of the Political Code was not designed

---

[*] Affirmed on hearing in Bank, *post*, p. 316.

to authorize the recovery from a county of illegal taxes collected for the use and disposition of a high school district within the county. This case differs from that in no particular favorable to plaintiff. (See, also, *School Dist.* v. *Bridport*, 63 Vt. 383; *Stone* v. *Woodbury County*, 51 Iowa, 522; *Taylor* v. *Avon Tp.*, 73 Mich. 604.) The judgment should be reversed and the court below directed to sustain the demurrer to the complaint.