## EASTERBROOK v. CITY AND COUNTY OF SAN FRANCISCO.

### S. F. No. 187; May 1, 1896.

#### 44 Pac. 800.

**Special Assessments — Payment Under Protest — Recovery.—** Political Code, section 3819 (Laws 1893, p. 32), authorizing actions against counties to recover taxes paid under protest, does not apply to special assessments levied by the city and county of San Francisco, for a specific purpose, in a designated district, to be collected in proportion to benefits, and, when collected, placed in a special fund, over which the city and county have no control, and which can only be used in payment of the principal and interest of bonds for which the city and county are not liable.[1]

APPEAL from Superior Court, City and County of San Francisco; James M. Seawell, Judge.

Action by D. E. Easterbrook against the city and county of San Francisco to recover back money paid under protest for special assessments levied for the widening of Dupont street, in the city of San Francisco. From a judgment in favor of defendant, on refusal of plaintiff to plead further after demurrer to the complaint was sustained, plaintiff appeals. Affirmed.

Haven & Haven for appellant; H. T. Creswell, W. C. Belcher and Freeman & Bates for respondent.

SEARLS, C.—This is an action brought by the appellant to recover from the respondent money paid under protest for Dupont street taxes, levied under authority of the act of March 23, 1876, entitled "An act to authorize the widening of Dupont street, in the city of San Francisco" (Stats.

---

[1] Cited in Davis v. City and County of San Francisco, 115 Cal. 68, 46 Pac. 863, as having been decided after the taking of an appeal and the filing of briefs in the latter case, which follows its doctrine.

Cited and followed in Phelan v. City and County of San Francisco, 120 Cal. 4, 52 Pac. 39, where it is held that a warning to the tax collector, at the time of payment, not to turn over the money to the treasurer, in view of a contemplated suit to test the question of validity, must be disregarded.

1875–76, p. 433). A demurrer was interposed to the complaint by defendant, which was sustained by the court; and, plaintiff declining to amend, judgment was entered in favor of defendant, from which judgment plaintiff appeals. The cause comes up on the judgment-roll, and the sufficiency of the complaint constitutes the sole question for consideration.

The action is prosecuted under section 3819 of the Political Code, adopted February 27, 1893, which is in part as follows: "At any time after the duplicate assessment-book has been received by the tax collector, and the taxes have become payable, the owner of any property assessed therein, who may claim that the assessment is void in whole or in part, may pay the same to the tax collector under protest, which protest shall be in writing, and shall specify whether the whole assessment is claimed to be void, or if a part only, what portion, and in either case the grounds upon which such claim is founded; and when so paid under protest the payment shall in no case be regarded as a voluntary payment, and such owner may at any time within six months after such payment bring an action against the county in the superior court to recover back the tax so paid under protest," etc. The residue of the section provides that if a judgment be recovered against the county in such a case, and a portion of the tax has been paid over to the state treasury, the treasurer shall be allowed therefor, and the amount so paid over deducted in the next settlement of the county treasurer with the controller, as provided in section 3871 of the Political Code.

Plaintiff filed a written protest, averring that the entire tax was void; and, within six months after paying the tax, brought this action, to recover the tax so paid from the city and county. The question in the court below seems to have turned, not upon the validity of the tax, but upon the liability of the defendant, if the invalidity be conceded. The statute under which the tax was levied provided for the widening of Dupont street (now Grant avenue), in the city and county of San Francisco. The act provided that the value of the land taken for the widening of the street, and the damages to improvements thereon, or adjacent thereto, injured thereby, and all expenses whatsoever incident to the widening of said street, shall be held to be the cost of widening the street, and shall be assessed upon a described and limited district

adjacent to the street to be benefited by such widening. The mayor of the city and county of San Francisco, the auditor and county surveyor of said city and county, and their successors in office, were constituted a "Board of Dupont Street Commissioners," with power, among other things, to determine the damages sustained by the several owners on account of property taken and damaged; also, to determine the benefits to be derived by the several lot owners within the district described in the statute, by reason of the improvement, "relatively to the benefits accruing to other lots of land within the said designated district." The expenses were to be met by issuing twenty year coupon interest-bearing bonds of the city and county of San Francisco (interest, seven per cent per annum, etc.), to be designated as the "Dupont Street Bonds," to be delivered to the persons in whose favor damages were awarded; or, upon their refusal to accept such bonds, they were to be sold, and cash payments made to the persons so damaged. The liability of the city and county was guarded against by section 22 of the act, as follows: "The completion of the work described in this act shall be deemed an absolute acceptance by the owners of all lands affected by this act, and by their successors in interest, of the lien created by this act, upon the several lots so affected, and it shall operate as an absolute waiver of all claim in the future upon the city and county of San Francisco for any part of the debt created by the bonds authorized to be issued by this act, and their successors in interest. This shall be regarded as a contract between said owners and the holders of said bonds and said city and county, and this provision shall be stated on the face of the bonds." These bonds and the accruing interest thereon were to be met by the levy of an annual tax upon the lands in the designated district, to be adjusted and distributed according to the enhanced values of the respective parcels of land as fixed by the commissioners. The taxes, when collected, were to be paid over to the treasurer of the city and county, and to "constitute a part of the 'Dupont Street Fund,' and to be paid out by said treasurer only in payment of the coupons attached to said bonds, as the same from time to time become due"; and the sums collected to meet the principal were to be received, treated and paid out in like manner.

From these brief references to the statute, it is apparent (1) that what is termed the "tax" is a special assessment, levied for a specific purpose, upon a designated district, to be collected in proportion to benefits; (2) that, when collected, it is placed in a special fund, and can only be used in payment of the principal and interest of the bonds provided for in the statute; (3) that the city and county is not liable for the payment of the bonds, and has no control over the specific fund raised for their liquidation. Under these circumstances, we do not see that the city and county can be held liable in this action. The case is, we think, brought within the spirit of the rule enunciated by the United States circuit court in Liebman v. City and County of San Francisco, 11 Saw. 147, 24 Fed. 705, and in Elberg v. San Luis Obispo Co. (decided by department 2 of this court, August 3, 1895), 112 Cal. 316, 41 Pac. 475, 44 Pac. 572, and Pacific Mut. Life Ins. Co. v. San Diego Co. (decided August 21, 1895), 112 Cal. 314, 41 Pac. 423, 44 Pac. 571. A rehearing was granted in the last two cases above mentioned; and, after mature consideration by the court in bank, the conclusion reached by the department has been approved. We recommend that the judgment appealed from be affirmed.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.