### SHAPTER v. CITY AND COUNTY OF SAN FRANCISCO.

(Circuit Court, N. D. California. August 12, 1901.)

No. 12,946.

MUNICIPAL BONDS—ACTION AGAINST CITY.

In case of bonds issued by a city under Act Cal. March 23, 1876, authorizing the widening of a street and the issuance of the bonds therefor, and providing, as recited in the bonds, that they shall be payable at the office of the city treasurer from the fund that may be raised by taxation of the property benefited, and that the completion of the work shall operate as an acceptance by the landowners of the

lien created by the act and a waiver of all claim on the city for the debt, action cannot, where no fund is collected for payment of the bonds, be maintained against the city for a judgment that a certain amount is due on the bonds, and that the judgment be paid from the fund as provided in the act, or by enforcement of any lien created by the act against the bonds; the owners of such lands are the proper defendants.

At Law. On demurrer to complaint.

Page, McCutchen, Harding & Knight, for plaintiff.

Franklin K. Lane, City Atty., and George W. Lane, Asst. City Atty. (E. F. Preston, of counsel), for defendant.

MORROW, Circuit Judge. This is an action at law, brought to recover a judgment against the defendant in the sum of $11,125 due to the plaintiff upon certain bonds issued by the defendant, and coupons attached thereto. The complaint alleges that the defendant is a municipal corporation organized and existing under the laws of the state of California; that the plaintiff is a ciitzen of the state of New Jersey; that he is a trustee under a certain deed of trust, and as such trustee is authorized to purchase and hold bonds and securities for the purposes of the trust and the benefit of the beneficiaries therein named; that in the month of January, 1878, he purchased in good faith, as such trustee and for full value, and still is the holder and owner of, five bonds or promissory notes in writing, made and executed by the city and county of San Francisco on January 1, 1877, payable to bearer, for the sum of $1,000 each, and bearing interest at the rate of 7 per cent. per annum from the date thereof, payable semiannually on the 1st day of July and the 1st day of January of each year, as evidenced by 40 coupons thereto attached, numbered from 1 to 40, both inclusive, and dated as due alternately on the 1st day of July and the 1st day of January of each year. The bonds were in the following form:

"United States of America.                                    State of California.
                  "City and County of San Francisco.
"1,000.                                                              1,000.
                      "Dupont Street Bond.

"The City and County of San Francisco, State of California, will pay to ———, or the holder thereof, the sum of one thousand dollars gold coin of the United States of America twenty years from the date hereof, with interest thereon in like gold coin at the rate of seven per cent. per annum, payable half-yearly on the first day of July and the first day of January of each year upon interest coupons hereto attached. Principal and interest payable at the office of the treasurer of said city and county of San Francisco. This bond is issued under the provisions of an act of the legislature of the state of California entitled 'An act to authorize the widening of Dupont street in the city of San Francisco,' approved March 23, 1876, and is to be paid out of the fund that may be raised by taxation as therein provided, and may be redeemed at any time before its maturity, as is provided in said act. And this bond is further issued and taken by the holder hereof under the conditions expressed in section 22 of said act, which is as follows: 'Section 22. The completion of the work described in this act shall be deemed an absolute acceptance by the owners of all lands affected by this act and by their successors in interest of the lien created by this act upon the several lots so affected, and it shall operate as an absolute waiver of all claim in the future upon the city and county of San Francisco for any part of the debt

created by the bonds authorized to be issued by this act and their successors in interest. This shall be regarded as a contract between said owners and the holders of said bonds and said city and county, and this provision shall be stated on the face of the bonds.' In witness whereof, the mayor, the auditor, and the city and county surveyor of said city and county of San Francisco, constituting the Board of Dupont Street Commissioners, have respectively signed these presents, and caused to be affixed hereto the official seal of said city and county of San Francisco, as of the first day of January, 1877."

The signatures of the various officers followed, and the number of the bond. The coupons were alike in form, excepting as to number and date of payment thereof, and read as follows:

"Thirty-five.              Dupont Street Bond.             Coupon No.
    $35.                                                   ————.
    "The treasurer of the city and county of San Francisco will pay bearer at his office, thirty-five dolls. U. S. gold coin on bond No. ————, six months' interest.
    "Due ————.                              A. J. Bryant,
"Mayor of the City and County of San Francisco, and President Board Dupont Street Commissioners."

It is alleged that the said bonds and interest coupons were executed, issued, and disposed of by the defendant under the provisions and for the purposes of an act of the legislature of the state of California entitled "An act to authorize the widening of Dupont street," approved March 23, 1876 (St. 1875-76, p. 433); that in and by said act provision was made for the payment of all the bonds provided for in said act and the coupons thereon by means of the collection from certain real property in the city and county of San Francisco described in said act of certain taxes to be levied thereupon in the manner and at the times specified in the act, the said taxes, when collected, to constitute a fund in the control of the treasurer of said city and county for the payment of said interest coupons and the redemption of said bonds; that in consideration whereof it was further provided in said act that the lien thereby given to the holders of said bonds should be a contract of and operate as an absolute waiver on the part of said bondholders of all claim in the future against the city and county of San Francisco for any part of the debt created by the said bonds, and that said contract should be stated on the face of said bonds. The plaintiff alleges that he has demanded payment of the said bonds and of the interest coupons attached thereto of and from the treasurer of the said city and county of San Francisco, but, notwithstanding that the said bonds and coupons are long past due and payable, the said treasurer has not paid the same or redeemed the same, as by said act provided, or any part thereof, except the coupons thereon from No. 1 to No. 5, inclusive, and the said bonds and the said coupons from No. 6 to No. 40, inclusive, still remain wholly unpaid and unredeemed, and due and owing to plaintiff. It is further averred that there never was collected by the defendant, or by its officers, or paid to the said treasurer, under the provisions of said act or otherwise, a sum sufficient to meet the interest on the full amount of said bonds as the same accrued, and that no funds have come to the possession of the said treasurer, or are now in his possession, under the provisions of said act or otherwise, sufficient to meet the said interest, or to meet the interest due to the plaintiff upon the

said bonds. Plaintiff therefore prays the judgment of this court that there is due to him upon the said bonds and coupons the sum of $11,125, together with interest on each of said bonds from January 1, 1897, until payment thereof, and that he have judgment against the defendant for the said sum, "said judgment to be paid only from the fund and in the manner provided by the said act of March 23, 1876, or by the enforcement of the lien, if any, thereby created against the lands referred to in the act, and not from the general funds or other property of the city and county of San Francisco."

The defendant demurs to the complaint upon the following grounds: (1) The general ground that no cause of action against the defendant is shown, in that the judgment sought herein cannot be rendered against the defendant, as the defendant's exemption from liability for the payment of the bonds sued upon is admitted in the complaint. (2) That the action is barred by the provisions of the statute of limitations and by sections 337 and 338 of the Code of Civil Procedure of the state of California in that all the coupons sued upon, with the exceptions of Nos. 39 and 40, became due and payable more than four years prior to the commencement of this action. (3) That there is a defect of parties in said complaint, in that the owners of the property subject to taxation for the bonds are not made parties defendant; and that the tax collector and the treasurer of said city and county of San Francisco are not joined in the action. (4) That the complaint is uncertain, in that the court cannot determine from it the particular property liable for the payment of the bonds involved in the action, or whether the proceedings required by the act of March 26, 1876, for the collection of taxes and procurement of a fund from which to pay the said bonds and coupons have ever been taken.

By the express provisions of section 22 of the act of the legislature under which the bonds in suit were issued, the city and county of San Francisco was exempt from all claim of liability for any part of the debt created by the act, and this exemption was made a contract between the bondholders and the owners of the property affected by the act. The judgment which the plaintiff seeks in this action is therefore against the city and county of San Francisco, not as a debtor, but for the purpose of securing a judgment enforceable by proceedings in mandamus to compel the levy of a special tax upon the property described in the act to meet the bonds and coupons in suit. An action of this character was involved in the case of Liebman v. City and County of San Francisco (C. C.) 24 Fed. 705. The object of the act under consideration in that case was to open and establish a public street in the city and county of San Francisco to be called "Montgomery Avenue," and to take private lands therefor. It was there decided by Mr. Justice Field, with the concurrence of Judge Sawyer, that such an action could not be maintained against the city and county. Mr. Justice Field in that case says:

"The statute to which the complaint refers, and upon which alone the judgment is sought, declares in express terms 'that the city and county shall not, in any event whatever, be liable for the payment of the bonds, nor any part thereof,' and 'that any person purchasing said bonds, or otherwise becoming the owner of any bond or bonds, accepts the same on that express stipulation and understanding.' As already stated, the so-called 'bonds,' which

in fact are only orders or promises of the board of public works that the treasurer will pay to the holder the amounts designated, cannot be the foundation of any liability of the city and county; and that such liability is sought to be charged appears from the prayer for judgment, although the discharge of that liability is to be had out of funds to be raised by the special tax for which the act provided. The asserted ground of the action is that it is essential to establish the validity of the bonds, as a preliminary to an application for a mandamus to levy the special tax. Counsel assume that the validity of the bonds issued by one party can be determined in an action against another in no way named in them, nor liable for their payment. We do not so understand the law. We have not met with any adjudged case to that purport. On the contrary, we have always supposed that the party actually liable on a bond must have his day in court in person or by his representative, before a judgment determining its validity as against him or his estate could be regarded as having any binding force. Such liability cannot be vicariously imputed to him, or charged upon his estate. If the action be to charge particular property, of which there is no representative, there is a defect in the law, which the legislature, and not the courts, must supply. It is true that in the enforcement of bonds of municipal bodies, which are to be paid from funds raised by taxation, general or special, the validity of the bonds must first be established by the judgment of the court,—that is, the demand against the municipality on the bonds must be first carried into judgment. Then a mandamus will issue, which is in the nature of an execution. It is the executory process for the enforcement of the judgment recovered. It can only issue to command the corporation against which the judgment is rendered, or its representatives or officers, to levy the tax prayed; just as an execution on an ordinary money judgment can only be issued against the property of the judgment debtor. Whether, when the judgment against the municipality is rendered, the writ is to direct a general or special tax upon all or a portion of the property within its limits, or only upon a particular class of property, real or personal, will depend upon the directions of the statute providing for the payment of the indebtedness created. The judgment, however. must in all cases be against the corporation to which. or to whose representatives or officers, the writ is directed. It is the liability of the corporation established by the judgment which is to be discharged by the levy of the tax prayed, and not the liability of any other body."

The plaintiff, however, seeks to distinguish the statute in the present case from the statute in the Montgomery Avenue Case. He contends that the Montgomery avenue act directed state, not municipal, action; that the municipality was not consulted with respect to the legislation, or in the work to be done under the act, and that the statute was in no sense a grant of power to the city; while in the Dupont street act it is contended that the municipality of the city and county of San Francisco was authorized to act in making the improvement, that it accepted the act, and accomplished the work therein provided for, and issued the bonds in suit. This distinction does not appear to have been made by the supreme court of this state in construing the act. In Lent v. Tillson, 72 Cal. 404, 14 Pac. 71, Mr. Justice Temple, speaking for the court, considered this act with respect to certain objections raised to the proceedings under which the work was accomplished and bonds issued. The court took the ground that this particular improvement was more of a private than a public character. The court said (pages 414, 415, 72 Cal., page 74, 14 Pac.):

"Dupont street is one of the oldest streets in the city of San Francisco. That portion affected by this proceeding was in the heart of the city, and had long been a finished street, the lots along it on both sides built upon and

occupied. The district which it was alleged would be benefited was specifically defined in the act. Kearny street had shortly before been widened by a proceeding somewhat similar, and the result had been to make the street more attractive. The tendency of business was westward, and Dupont street was the next parallel street. It was forty-four feet wide. It was not to any considerable extent a thoroughfare except for local purposes. There was not much reason for widening the street which could interest the general public. But the case comes as near as can be imagined to being one in which it was a certain proposition that the proposed improvement would be greatly to the advantage of the individual property owners. The municipality and the general public, however, were obviously so little interested in the matter that it would hardly be putting the matter too strongly to say that there was no decent pretext for the improvement except upon the hypothesis that the local property holders desired it, and would be advantaged by it. It is inconceivable that the matter should be passed through the legislature without being a frequent subject of discussion among the lot owners, even if it were not done at their instance. They had notice, not only as a rule of law which charges every one with knowledge of the statute, but must have had such information as a fact, and also that in making the improvement the officials were acting, in a certain qualified sense, as their agents, for their individual advantage, rather than for the public."

And further, on page 432, 72 Cal., page 82, 14 Pac., speaking of the relation of the property owners to the act, the court says:

"The statute, as I have already stated, manifested very plainly that the improvement was to be made for their special benefit, and that they were to bear the entire cost. They were afforded an opportunity, even after the board was organized, to arrest proceedings, if a majority in value of frontage should be of opinion that it would not be to their advantage, and were distinctly notified that, if they permitted it to be completed, their acquiescence would be deemed an absolute acceptance by them of the lien created by the act. Under such circumstances they could not remain silent, and permit the money obtained of the bondholders to be expended in the improvement of their property, and then escape liability on the plea that the officers charged with the work, who were in a sense their agents, were guilty of misconduct and fraud, which they by proper diligence could have prevented."

Finally, it has been decided that the city and county of San Francisco is not liable on these bonds by the case of Easterbrook v. City and County of San Francisco, 44 Pac. 800, and the case of Davis v. City and County of San Francisco, 115 Cal. 67, 46 Pac. 863. The view which the supreme court of this state appears to have taken of the Dupont street act in the cases cited, in my judgment brings the present suit within the law announced in Liebman v. City and County of San Francisco (C. C.) 24 Fed. 705. I am therefore of the opinion that the complaint states no ground of action against the defendant. And this determination also sustains the objection that there is a defect of parties for the reason that the owners of the property subject to taxation under the act in controversy are not made parties defendant. The further objection is also sustained that the complaint is uncertain in this: that it cannot be determined therefrom what particular property is liable for the payment of the bonds sued upon in this action. I am also of the opinion that the action is barred by the statute of limitations, and by sections 337 and 338 of the Code of Civil Procedure of the state of California, with respect to all of the coupons sued upon except coupons numbered 39 and 40. The demurrer to the complaint is sustained.