<hr/>

[No. 3911.]

SIPE v. THE PEOPLE EX REL. MILLIKEN.

CITIES AND TOWNS — ELECTIONS — CITY TREASURER — STATUTORY CONSTRUCTION—CONSTITUTIONAL LAW.

Under section 4504, Mills' Ann. Stats., city treasurers of cities of the second class were elected annually on the first Tuesday in April for a term of one year. Prior to the election in 1897 the legislature passed an act with the emergency clause providing that on the first Tuesday in April, 1897, and every two years thereafter a treasurer should be elected for a term of two years and repealing all acts in conflict therewith. This act was not approved by the governor until after the election in 1897. *Held,* that the act is not in violation of any clause of the constitution; that the act took effect from the date it was approved by the governor, and repealed section 4504, Mills' Ann. Stats.; that taking effect after the first Tuesday of April, 1897, that part of the act providing for an election on that date was inoperative, and the first election under the new act would be on the first Tuesday in April, 1899. The treasurer elected in 1897 was elected under the old law for one year, but that law having been repealed there could be no election under its provisions in 1898. And if the effect of the new act was to create a vacancy, a party claiming an election for a full term in 1898, and not as having been appointed to fill the vacancy, is not entitled to the office as against the old treasurer holding over from the election of 1897, and the old treasurer is entitled to exercise the duties of his office until his successor is duly qualified.

*Error to the District Court of Las Animas County.*

Mr. JAMES McKEOUGH, JR., and Mr. A. J. ABBOTT, for plaintiff in error.

Mr. EVERETT BELL, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Trinidad is a city of the second class. Prior to the year 1897, the statute provided that at the regular municipal election for cities of the second class, held on the first Tuesday in April of each year, there should be elected, among other officers, a city treasurer, who shall hold his office for the term of one year. Mills' Ann. Stats. sec. 4504. The eleventh general assembly passed, with an emergency clause, the following act, which was approved by the governor on April 17, 1897:

"Sec. 1. The qualified electors of all cities of the second class shall on the first Tuesday in April in the year 1897 and the first Tuesday in April of each and every second year thereafter, elect a city treasurer who shall hold his office for the term of two years and until his successor is elected and qualified. The treasurer shall have such powers and perform such duties as are prescribed by the statutes of this state and by the ordinances of the city council not inconsistent therewith.

"Sec. 2. All acts and parts of acts inconsistent herewith are hereby repealed." Session Laws, 1897, p. 279.

Hereinafter in this opinion this statute will be referred to as the new act, and the prior statute as the old law. Under the provisions of the old law, and on the first Tuesday in April, 1897, was held the city election at which the respondent Burney B. Sipe was elected city treasurer. On the first Tuesday in April, 1898, the regular annual city election was held at which the relator I. Q. Milliken claims to have been elected city treasurer, and after taking the oath of office and giving the bond prescribed by the city ordinance, he demanded

possession of the office from respondent, which demand was refused, and thereupon this action in the nature of *quo warranto* was brought by Milliken against Sipe, the object being to determine which one was entitled to the office. The district court decided in favor of the relator, and the respondent has brought the case here, and our jurisdiction is properly invoked because the decision of a constitutional question is necessary to a determination of the case.

The defendant in error here (relator in the court below) relies upon two propositions whose consideration and determination will sufficiently dispose of the controversy: first, that the new act, since it was not approved until the 17th day of April, 1897—eleven days after the first Tuesday in April .of that year, the date of the annual city election in cities of the second class as therein fixed, and the day upon which, as a matter of fact, the election for city treasurer actually occurred in Trinidad for that year under the old law—is wholly void, for it commanded the performance of an absolutely impossible thing; and as that portion of the act applying to the election of 1897 is unconstitutional and void, that which remains after this unconstitutional portion is stricken out, being so closely dependent upon the latter, falls with it; second, if the entire act is not void, but is effectual as to all elections and terms for the office of city treasurer thereunder save the first, then the old law was and still is in force until the period fixed in the new act for the first election to occur, to wit, the election in 1899; and therefore the relator was duly and legally elected under the old law for a term of one year from the 19th day of April, 1898, and as a necessary consequence was and is entitled to the office until his successor shall be elected and qualify at the annual election in 1899.

1. There is no provision of the new act that contravenes any clause of the constitution. That there shall be an election for city treasurer on the first Tuesday in April, 1897, is certainly not inhibited. Indeed, counsel for relator concedes that there is nothing on the face of the act that savors of invalidity, but that it is only because the act was approved

and took effect after the date upon which the election for 1897 was therein authorized to be held that any contention is made that it is void. It is more exact, however, to say that that portion of the act is inoperative because it commands something to be done which, in the nature of things, cannot be done.

The entire act, however, does not necessarily fall because a portion of it is inoperative. If there is anything in it that conflicts with any provision of the constitution it is the direction for holding an election in 1897, with which it was impossible to comply because the time so fixed had passed before the act took effect. But it is obvious that the object of this act was not to affect, or operate upon, previous elections, and so it is not within the inhibition of section 11 of article 2 against retrospective laws.

We take judicial notice of the procedure in the general assembly from the time a bill is introduced until it goes through both houses and is approved by the governor. It is manifest that this bill was introduced in time to pass it prior to, and make it operative at, the city election on the first Tuesday in April in the year 1897, but that for some reason, not out of the usual course, it was not approved by the governor until after the time therein fixed for the election had passed. Even if the portion which necessarily became inoperative was held to be unconstitutional, it still may be considered in determining the object of the statute as passed, and if enough remains to make the act effective the legislative intent should be carried out. While no right may be based upon an unconstitutional provision in an act, it may, nevertheless, be considered in ascertaining the meaning of that which is good. In the late case of *Swift et al. v. Calnan*, 71 N. W. Rep. 233, the supreme court of Iowa, by Deemer, J., in speaking to this point, says:

" If those sections are held unconstitutional and void * * * they certainly should be considered in construing another section which appellee relies upon and concedes to be valid. While no right may be based upon an unconstitutional act,

part of its provisions may be considered in construing other provisions confessedly good in arriving at the correct interpretation of the latter."

Applying this principle to the new act, we are enabled to discover and effectuate the legislative intent. If it was also intended to affect the April election in 1897, it was frustrated by the accidental circumstance that the governor's approval came too late. It is clear to us, however, that the inoperative clause of the act, even if it could in any proper sense be denominated unconstitutional, taken in connection with what is operative, as the law permits, discloses that the real object was to lengthen the term of office of city treasurer in cities of the second class from one to two years, and to make the elections therefor come on the first Tuesday in April in the odd numbered years dating from the year 1897. This result follows whether the new act was designed to accomplish two separate objects, viz, to lengthen the term and to fix its beginning in 1897, or whether there was a single general object made up of these two dependent provisions. If the former, the provision for lengthening the term can clearly be effectuated. If the latter, still the two are not so closely dependent, the one upon the other, as to warrant the belief that the general assembly would not have lengthened the term unless the act became operative in time to apply to the 1897 election. Cooley on Const. Lim. (5th ed.) 213, *et seq.*

2. It is further contended that, conceding the act to be constitutional in part, the act itself does not become operative until the first Tuesday in April, 1899, and therefore the repealing clause will not take effect until the same time. The prior inconsistent law, therefore, it is said, continued in force until the repealing clause took effect, and as the old law provided for an annual election for the office of city treasurer, the election for that office on the first Tuesday in April, 1898, at which the relator was elected, was a valid election, and the relator is, therefore, the duly elected city treasurer.

Under our constitution, when the legislature deems and properly declares an emergency to exist, the act takes effect

·from and after its passage. When the governor approves it after the date of its passage through both branches of the general assembly, the act takes effect from the date of his approval.

Bearing this in mind, it is clear that, while there can be no election under the new act to fill the office of city treasurer until the first Tuesday in April, 1899, yet the act itself, including, of course, the repealing clause, took effect and was operative on the 17th day of April, 1897, the date of its approval by the governor. The old law which provided for an annual election for city treasurer, being inconsistent with the new act, was repealed and abrogated when the new act took effect. There could, therefore, be no valid election under its provisions in the year 1898. Relator, then, has no right whatever to this office as against the respondent. We might stop here, but we consider another position taken by respondent.

Under section 1 of article 12 of the constitution, it is provided that every person holding any civil office under the state, or any municipality therein, shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified. It is under this provision that the respondent claims the right to hold the office after the expiration of the term for which he was elected, as against the right of relator, who claims under an election which we have just held to be without authority in law.

In reply to this contention the relator says that this position, if sanctioned by the courts, would be equivalent to saying that the legislature may extend respondent's term of office in violation of section 30 of article 5 of the constitution. But it has been held by this court that the object of a bill somewhat similar to this, and relating to county treasurers, was not to extend but to fix the commencement of the term, and as such, not in conflict with the provision referred to. *In re County Treasurer*, 9 Colo. 631.

If, however, the effect of the new act is, as was held in that case, to leave a vacancy extending from the date of the ex-

piration of respondent's term of office as fixed under the old law, under which he was elected, and the date of the beginning of the term to be filled in April, 1899, it avails relator nothing, for he claims the full term under an unauthorized election, and not as having been elected or appointed to fill a vacancy.

The judgment of the district court is reversed, and the cause remanded with instructions to vacate the former judgment, and to enter judgment in favor of plaintiff in error and respondent in accordance with the views expressed in the opinion.

*Reversed.*