[No. 4526.]

## THE PEOPLE EX REL. RALSTON v. HERRING.

**1. Cities and Towns—Elections—City Council.**

The mayor of a city is a member of the city council and under the act (Session Laws 1901, page 384) was entitled to a vote in electing the successors to city officers whose terms expired in April, 1902. And where there were five hold over aldermen three of such aldermen did not constitute a majority of all the members of the city council and could not legally elect the successors to aldermen or other city officers whose terms expired.

**2. Same—City Attorneys.**

Under the constitution and statutes a city attorney holds his office until his successor is duly qualified.

**3. Same.**

Where a city had five hold over aldermen, and under the act (Session Laws 1901, page 384) three of such hold over aldermen proceeded to elect the city officers whose terms expired April, 1902, and elected relator as city attorney, and the mayor and the other two hold over aldermen also proceeded to fill vacancies in offices and re-elected respondent who had filled the office of city attorney for the past two years, relator's election not being by a majority of all the members of the city council was invalid, and conceding that respondent's re-election was invalid for the same reason, as no successor had been chosen respondent was entitled to hold the office under his former election.

*Error to the District Court of Las Animas County.*

Mr. EVERETT BELL and Mr. D. M. RALSTON, for plaintiff in error.

Mr. JAMES McKEOUGH, Jr., and Mr. J. J. HERRING, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The parties to this proceeding each claim to be entitled to the office of city attorney of the city of Trinidad. To determine the controversy, plaintiff

in error, as relator, brought an action against defendant. The judgment was in favor of the latter, and the relator brings the case here for review on error.

The facts in the case necessary to an understanding of the questions determined, and upon which the rights of the respective parties depend, are substantially as follows: Trinidad is a city of the second class, divided into five wards, each represented by two aldermen. The defendant was elected to the office in question at a municipal election held in April, 1900. Five aldermen were elected for the term of two years at the municipal election held in 1900, and a similar number of aldermen, with the mayor, for the same term, in April, 1901. On the 14th day of April, 1902, the city council met for the purpose of filling the vacancies in the aldermanic offices of those who had been elected in April, 1900, and other city officials elected at that time. The five aldermen who had been elected in 1900, over the protest of three who were elected in 1901, participated in this meeting, and assumed to act in the election of their successors. The mayor and two of the aldermen elected in 1901 voted with the five elected in 1900, and selected the successors of these parties. The three hold-overs protesting voted for certain candidates, and thereafter, having declared the meeting adjourned, retired. The two remaining hold-overs, with the mayor and those who claimed to have been elected as successors to those elected in 1900, remained and elected defendant city attorney, who at once qualified and entered upon the discharge of his duties. Afterwards those who had been voted for as aldermen to fill the vacancies by the protesting hold-overs, filed their oaths of office, and with the latter, met and selected the plaintiff in error as city attorney.

The laws of 1901—Session Laws of that year,

384-5—provide that the successors of aldermen and city attorneys of cities of the second class, elected in 1900, should be selected by a majority vote of all the members of the city council as it existed on the date when, according to the law under which such aldermen were elected, their terms had expired. Counsel for relator contend that in selecting aldermen to succeed those elected in April, 1900, and in the selection of a city attorney, the mayor had no right to vote, except in case of a tie, and that a majority vote only of the hold-over aldermen was required to select these officials. This proposition has been decided adversely to the contention of relator in *The People ex rel. v. Wright, ante,* p. 439. The act of 1901, which provided for the election and terms of office of certain designated officials of cities of the second class, was passed for a particular purpose. According to its terms, the members of the city council whose terms had not expired were created a special body clothed with the right to exercise powers which they did not before possess, by being authorized to select the successors of all city officials whose successors, except for the act of 1901, would have been elected in April, 1902. For this purpose the act provided that such officials should be selected by a majority vote of *all* such members. The mayor is unquestionably a member of the city council.—Mills' Ann. Stats., sec. 4486, and when the legislature declared that all such members should vote to fill vacancies contemplated by the act, it certainly included him. Therefore, it is wholly unnecessary to consider in what circumstances in the transaction of other business, the mayor may have the right to vote, or whether antecedent laws which purport to vest him with this authority are valid or invalid, because his right to vote in this instance rests solely upon the provisions of the act under which he assumed to do so for the purposes

therein contemplated. According to the facts, relator has never been legally chosen to the office of city attorney. The most that he can claim is, that he was either elected by three of the five hold-over aldermen, or by their votes and the votes of those members whom they claimed to elect. However this may be, it is clear that he was not elected by the majority contemplated by the act of 1901, for the obvious reason that neither he nor the successors to the aldermen elected in April, 1900, received a majority vote of the council as it existed on the 14th day of April, 1902, because at that time it consisted, with the mayor, of six members of which four would be a majority, and only three of whom voted for him, or for those whom they claimed to elect to fill vacancies.

The claim of counsel for relator that the alleged election of the defendant to the office of city attorney by those who assumed to constitute the city council as organized by the mayor and the two hold-over aldermen, and those whom they recognized as successors to the members elected in 1900, is invalid, even if correct, cannot avail relator, except so far as it might affect the right of defendant to hold the office in dispute, because none of these alleged irregularities give any force or effect to the ineffectual attempt to elect relator. Conceding, then, for the sake of the argument, that defendant was not elected by the action of the council had on the 14th day of April, 1902, the remaining and important question is whether or not he is still entitled to the office in dispute. The act of 1901 must be construed as a whole, and its intent and purpose must be considered in interpreting its provisions.—*People ex rel. v. Osborn,* 7 Colo., 605. Its purpose was to provide that, beginning with April, 1901, all designated officials of cities of the second class should be elected biennially, instead of part each year. To this end, it was pro-

vided that those officials who, under the law as it theretofore existed, would have been elected at an annual election in 1902, should be selected by the hold-over members of the city council. This change in the law did not contemplate legislating any official out of office, or lengthening his term; but for the purpose of arranging for a biennial election which should take effect in the future, without affecting the terms of office of any official who had been elected under the previous law, a provision was made for filling offices in the interim in the manner noticed. Defendant was elected for the period of two years, or until his successor was elected and qualified.—3 Mills' Ann. Stats., sec. 4504a. Independent of this provision, the office falls within the protection of sec. 1, art. 12 of the constitution, which provides that with the exception of members of the general assembly and members of any board or assembly, two or more of whom are elected at the same time, that every person holding any civil office under any municipality in the state shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified.—*Sipe v. The People,* 26 Colo., 127.

Relator not having been elected, and the defendant being entitled to retain the office independent of the action of the board in attempting to elect him the judgment of the district court will stand affirmed.                  *Judgment affirmed.*