HAUSER ET AL., RESPONDENTS, *v.* MILLER, APPELLANT.

(No. 2,528.)

(Submitted March 3, 1908.   Decided March 9, 1908.)

[94 Pac. 197.]

*Laws for Raising Revenue—Officers—Fees—Administration of Estates—Statutes—Constitutionality.*

Estates—Administration—Fees—Officers—Statutes—Constitutionality.

    1.   Section 4637 of the Political Code makes it incumbent upon the clerk of the district court to collect from petitioners filing letters of administration or guardianship sums ranging from five to ninety-five dollars, regulated by the appraised value of the estate.  The fees thus collected thereupon become part of the public moneys of the county.  *Held,* that the section is void as in contravention of section 4, Article XII of the Constitution, which declares, *inter alia,* that the legislative assembly shall not levy taxes for county purposes.

Same.

    2.   The above section also *held* obnoxious to the provisions of section 11, Article XII of the Constitution, in that the burdens imposed upon the estates falling within the therein enumerated classes, are fixed arbitrarily and at unequal rates.

Officers—Fees—Laws for Raising Revenue.

    3.   *Obiter:* Neither an Act requiring reasonable fees to be paid by a citizen according to a fixed schedule, for special services rendered to him by a public officer, nor one providing that such fees be covered into a particular fund, are necessarily laws for raising revenue.

*Appeal from District Court, Lewis and Clark County; Thos. C. Bach, Judge.*

APPLICATION for *mandamus* by Samuel T. Hauser and another, executors of the will of Ellen F. Hauser, against Sidney Miller, as clerk of the district court of Lewis and Clark county.   From a judgment directing a writ to issue, defendant appeals.   Affirmed.

*Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, for Appellant.

*Mr. Wm. T. Pigott,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiffs are the executors of the last will and testament of Ellen F. Hauser, deceased, and under the direction of the district court of Lewis and Clark county, wherein the will was admitted to probate, are and have been proceeding with the administration of the estate disposed of thereby. On December 23, 1907, they presented to the defendant, the clerk of said court, their inventory of the property of the estate in their hands, as required by law, and demanded that he file the same. This he declined to do except upon the payment of an additional fee of $95. The ground of his demand was that, since the appraised value of the estate had been fixed at $117,167.27 by the appraisers appointed by the court, it was incumbent upon him, under the statute (Pol. Code, sec. 4637) prescribing his duty in such cases, to exact such fee. Thereupon the plaintiffs, having agreed with the county attorney, submitted the facts to the district court for a decision, as upon application for writ of *mandamus,* their contention being that the section of the statute authorizing the collection of the fee is open to constitutional objections, and therefore void. The district court sustained this contention and entered judgment, directing the writ to issue. The defendant has appealed.

The sole question submitted is, whether the statute is valid. So far as its provisions enter into this controversy it is as follows:

"Sec. 4637. At the time of filing the petition for letters testamentary, of administration or guardianship, the clerk must collect from the petitioner the sum of five dollars. On the return of the inventory, if the estate is appraised at a sum less than one thousand five hundred dollars, no additional fees are required. If the estate is appraised at one thousand five hundred dollars and not to exceed three thousand dollars, there must be paid an additional fee by the executor, administrator or guardian of five dollars, making in all ten dollars. If for more than three thousand dollars and not to exceed ten thousand

dollars, an additional fee of ten dollars, making in all fifteen dollars. If for more than ten thousand dollars, and not to exceed twenty thousand dollars, an additional fee of twenty dollars, making in all twenty-five dollars. If for more than twenty thousand dollars and not to exceed thirty thousand dollars, an additional fee of thirty-five dollars, making in all forty dollars. If for more than thirty thousand dollars and not to exceed fifty thousand dollars, an additional fee of forty-five dollars, making in all fifty dollars. If for more than fifty thousand dollars and not to exceed one hundred thousand dollars, an additional fee of seventy dollars, making in all seventy-five dollars. If for more than one hundred thousand dollars, an additional fee of ninety-five dollars, making in all one hundred dollars.  *  *  *  ''

The contention of respondents, is, that the effect of this statute is to impose a tax for general revenue purposes, and hence is repugnant to several provisions of the state Constitution, among others, section 4 of Article XII, which declares: ''The legislative assembly shall not levy taxes upon the inhabitants or property in any county, city, town, or municipal·corporation for county, town, or municipal purposes, but it may by law vest in the corporate authorities thereof powers to assess and collect taxes for such purposes''; and section 11 of the same Article, which provides: ''Taxes shall be levied and collected by general laws and for public purposes only. They shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax.''

We do not question the soundness of the proposition that the legislature has the power to require reasonable fees to be paid by the citizen for special services rendered to him from time to time by the different public officers, according to a fixed schedule, such fees being intended to make up the compensation of the officers. In such cases the citizen receives an equivalent in return, other than the benefit of good government which is enjoyed by all citizens alike. He may demand the services or let them alone, as he chooses. Laws making such impositions are not classed under the head of revenue laws. Nor do we decide

whether an Act providing a schedule of fees to be paid for such services, but to be covered by the officers into a particular fund in order to reimburse the public for the fixed salaries paid to the officers, is necessarily an Act to raise revenue. Such impositions are generally held not to be, in any legitimate sense, burdens imposed upon property to raise revenue for general public purposes. This question does not arise in this case; for the impositions complained of cannot be deemed fees paid to the clerk for special services, because they do not go to him. They must be paid by him to the county treasurer, and become a part of the public moneys of the county. (Pol. Code, sec. 4591.) Nor can they be said to be designed to provide a fund to be devoted specially to the payment of his salary. The statute does not so declare. From any point of view, they can only be regarded as a means resorted to by the legislature to provide revenue for the respective counties. They are professedly imposed for the benefit of the counties. They are clearly a tax upon the property of certain classes of individuals. The amounts are regulated wholly and arbitrarily with regard to the appraised value of the estates of decedents, of minors and incompetents. The burdens fall not upon the residue of the estates of decedents to be distributed after debts and expenses are paid, but upon the whole of such estates, and at arbitrary and unequal rates. An estate of the value of $3,000 is required to pay $5, whereas all estates of a greater value, up to $100,000, are taxed at a greater and increasing rate. After that value is reached, the rate is the same, without reference to value. There is also a manifest inequality in the rates fixed for estates falling in the different classes; for an estate slightly in excess of the value of $10,000 bears the same burden as one of $20,000 in value. If a person owning an estate happens to be an infant or an incompetent, this chance or misfortune alone renders his estate liable to the burden, whereas the property in the hands of all other citizens, except executors and administrators, is exempt from the burden.

It is thus entirely clear that the Act, levying a tax as it does upon the property of the people in the different counties for the benefit of the counties and at grossly unequal rates, as applied to estates of different values, is open to both the objections urged against it, and is void. This conclusion seems inevitable, and it is hardly necessary to cite authorities in support of it. In several of the states, however, similar statutes have been called in question, and have invariably been held invalid, on the grounds urged here as well as others. (*State ex rel. Davidson* v. *Gorman,* 40 Minn. 232, 41 N. W. 948, 2 L. R. A. 701; *Fatjo* v. *Pfister,* 117 Cal. 83, 48 Pac. 1012; *State ex rel. Nettleton* v. *Case,* 39 Wash. 177, 109 Am. St. Rep. 874, 81 Pac. 554, 1 L. R. A., n. s., 152; *State ex rel. Sanderson* v. *Mann,* 76 Wis. 469, 45 N. W. 526, 46 N. W. 51.)

Since these considerations dispose of the controversy, it is not necessary to notice the other constitutional questions raised. What is here said has no application to the other provisions of the statute, since their validity is not called in question.

The judgment of the district court is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.