# SMITH v. CARBON COUNTY.

No. 5992.  Decided July 12, 1938.  (81 P. 2d 370.)

*H. A. Smith,* of Salt Lake City, for appellant.

*Marl D. Gibson,* of Price, for respondent.

FOLLAND, Chief Justice.

This cause is here on second appeal. The opinion in the first appeal is reported in 90 Utah 560, 63 P. 2d 259, 108 A. L. R. 513.

Plaintiff, as assignee of the Estate of Frank F. Fisk, deceased, brought the action to recover the sum of $1,321 paid under protest to the Clerk of the District Court of Carbon County, and claimed by the clerk as a fee for services rendered to the estate. Payment was made at the time of filing of the inventory and appraisement of the estate. A total of $1,331 was paid to the clerk, but only $1,321 was paid under protest. It was conceded by plaintiff that $10 was the proper fee and that the exaction over and above $10 was illegal. A general demurrer to the complaint was sustained and the action dismissed. From the judgment of dismissal the first appeal was taken. This court held

that fees in excess of the minimum provided by statute for services in probate and guardianship proceedings, which increased as the appraised value of the estate increased, are taxes within the operation of restrictions imposed by the State Constitution with reference to tax legislation; that such fees, to come within constitutional restrictions, must bear some reasonable relation to the nature, extent, or value of the services rendered. The judgment of dismissal was reversed and the cause remanded for further proceedings. The defendant then filed an answer admitting the material allegations of the complaint and alleging the reasonable value of the services of the clerk in the probate of the Fisk Estate to be $1,331, and later filed an amended answer alleging in addition that the court in the probate case of the Fisk Estate had not fixed the fee for the services of the clerk in that proceeding and asking the trial court in this case to fix such fees. Motion to strike and demurrer to the amended answer were overruled and the ruling assigned as error. At the trial the court allowed evidence as to the nature and extent of the services of the clerk in the Fisk Estate and made findings fixing fees for the filing of papers making minute entries, and other services of the clerk, amounting in all to $205.50, that amount to be retained by defendant; and in addition found the estate had not been completely administered, that there were some trust matters still pending for which an additional $100 should be retained "to take care of fees or to provide for reasonable compensation for the services of the clerk until the estate is finally closed."

The court rendered judgment for the plaintiff for the sum of $1,015.50 with interest and costs, and for any sum from the retained $100 not used in compensating the clerk for services in connection with the Fisk Estate. From the judgment plaintiff appeals and assigns error in deducting $305.50 from plaintiff's claim. Defendant filed cross-assignments of error directed to the making of findings and the entering of judgment in favor of plaintiff for $1,015.50.

To reach a conclusion on the issues presented it is necessary to determine how the statute was left by our decision on the first appeal. The court therein struck down the graduated fee schedule as being a tax rather than a fee. That was the only part of the statute declared void. The minimum fee of $10 as provided in the fee bill was not questioned by the plaintiff and was recognized as valid by the decision. It was there said that the "amount of fees that may be exacted must bear some reasonable relation to the extent of the services rendered. Otherwise, such fees are, in contemplation of law, taxes. That being taxes, they must be uniform and may not be levied by the legislature for the use and benefit of a county." It was further said: "That fees may be charged for services rendered in probate proceedings is not questioned. From what we have said, we do not wish to be understood as holding that the Legislature must fix fees payable in all probate proceedings the same."

A generally accepted rule respecting partial unconstitutionality of statutes is to be found in 11 Am. Jur., Constitutional Law, Sec. 155, Page 834:

> "It is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another part and that if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected."

The natural corollary to the rule is that where it is not possible to separate the part of an act which is unconstitutional from the rest of the act, then the whole statute fails.

In seeking to determine whether any part of the statute is valid respecting fees to be paid for clerk's services in probate and guardianship matters the following rule should serve as a guide (11 Am. Jur., Constitutional Law, Sec. 155, Page 845):

> "In any case where it is sought to apply parts of an act after elimination of invalid portions, the test of what will result from partial application must be considered to see if a law consistent with the legislative intent will be put into effect; and where the enforcement

of portions of a statute after the elimination of unconstitutional sections would produce results not contemplated or desired by the legislature, the entire statute is usually held to be inoperative and void."

This court on first appeal definitely struck down that part of the statute which was contested and said:

"It will be noted that the plaintiff concedes that he is not entitled to the return of $10.00 of the fee paid for filing the inventory and appraisement, and it will be further observed that such fee is charged in all estates.   *   *   *   It follows that the law fixing the schedule of fees attacked in this action must fail because in conflict with constitutional provisions relied upon by plaintiff."

It is apparent from the fee bill that it was the legislative intent to have the clerk collect a fee for services in all probate matters on filing of inventory and appraisement of at least the minimum fee of $10. It was, of course, the legislative intention to charge more in the larger estates than in the small ones, but an unlawful standard of measurement was used and this part of the statute, which was the only part contested on the first appeal, was condemned as unconstitutional, thereby striking from the statute the graduated schedule of fees based on the value of the estate.

From what the court said as above quoted, and in view of the legislative intent to make some charge for services at the time of filing inventory, the effect of the decision was to leave the following part of the statute in effect:

"For services in probate and guardianship proceedings up to and including the final settlement of the matter, except as herein otherwise provided   *   *   *   $10.00.   *   *   *   The fees herein provided shall be collected at the time of filing such inventory."

Fees "herein otherwise provided" in the section has reference to fees for making copies and certificates in probate and guardianship proceedings and for filing objections or cross petitions in such proceedings.

It is not contended by respondent that the whole of the statute was stricken, but it is argued that the statute was

left as above, except that the $10 fee is for estates under $2500, and that the judge of the district court has power, under a section hereafter referred to, to fix fees in all estates over $2,500. The vice of the argument is that it would retain part of the schedule based on value of the estate, whereas that part of the statute which bases a fee on value of the estate is stricken as invalid, that the fee contemplated by the legislature is to be paid at the time of filing the inventory and appraisement, and not at the time of settlement of final account, and the fees enumerated were for all services—not for some, with discretion in the court to fix fees for others.

The provision of the law on which respondent relies as granting power to the judge of the district court to fix additional or other fees is found at the end of the county clerk's fee bill in Sec. 28-2-2, R. S. Utah 1933, and is as follows:

"For all services not herein enumerated, a reasonable compensation, to be fixed by the judge of the district court."

It will be noted that the fee to be paid at the time of filing inventory is for all services up to and including final settlement of the estate, and is not merely a fee for the filing of the inventory and appraisement. The graduated fee —stricken out because in effect a tax—was intended to cover all services up to final settlement, and the statute as left with the graduated fee schedule stricken out remains as requiring a fee of $10 for all services up to and including final settlement. Such in effect was the decision in *Chapman* v. *Ada County*, 48 Idaho 632, 284 P. 259, wherein the court, on about identical facts, held as we did on first appeal. The court said (page 260) :

"We therefore conclude that the statute is unconstitutional in so far as it makes the amount of probate fees depend upon the value of the estate probated. The right of the probate court to require the payment of the minimum fee of $5 is not questioned and is a valid charge."

There is, therefore, no occasion for the exercise of the power by the judge of the district court to fix fees for ser-

vices in probate and guardianship proceedings prior to final settlement, because these are already enumerated and covered by the payment of the fee at the time of the filing of the inventory and appraisement.

In determining legislative intent with respect to the last mentioned statutory provision, we may consider what fees were "herein enumerated." The section enumerated the fees payable for services on filing of inventory. The legislature therefore did not intend to confer power on the judges of the district courts to fix these fees, because they were fully enumerated. While the unconstitutional portion of the section cannot be operative to authorize the collection of fees by the clerk, other than the $10 fee, yet we may consider the whole provision in ascertaining the meaning of that portion of the statute which is good. *Sipe* v. *People,* 26 Colo. 127, 56 P. 571. We need not pass on the validity of the provision delegating power to the district court to fix fees for services not enumerated. *Utah Mfrs.' Association* v. *Stewart,* 82 Utah 198, 23 P. 2d 229. The minimum fee as now provided in the statute is in full payment for all services of the clerk up to and including final settlement of the estate.

From the findings of the court it is clear that the Fisk Estate is not yet finally closed, and that the $205.50 is for services already rendered, and the retained $100 is to cover future services prior to final settlement. The $100 retained does not relate to or cover fees for services after "final settlement." Since the $10 fee is in full for all services, except as otherwise provided, up to and including final settlement, the $100 retained cannot be applied to that purpose.

Having reached the conclusion we do, there is no need to pass on other points raised. The judgment is reversed and cause remanded to the District Court of Carbon County for disposition in accordance with the views herein expressed. Costs to appellant.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.