[No. 9609.  Department One. — September 26, 1885.]

D.   O'BRIEN, APPELLANT, v.  THE  COUNTY  OF COLUSA, RESPONDENT.

LICENSE TAX—VOLUNTARY PAYMENT OF. — Money voluntarily paid in satisfaction of an illegal license tax cannot be recovered back.

ID.—POWER OF SUPERVISORS.—Section 3804 of the Political Code does not authorize the board of supervisors of a county to order a license tax erroneously or illegally collected to be refunded by the county treasurer.

APPEAL from a judgment of the Superior Court of Colusa County.

The action was brought to recover certain amounts paid by the plaintiff and his assignors in satisfaction of license taxes levied and collected by the defendant subsequent to the adoption of the present Constitution, under the provisions of sections 3356 to 3387 of the Political Code.   The sections referred to were,

subsequent to the collection of the taxes, declared unconstitutional by the Supreme Court in *People* v. *Martin,* 60 Cal. 153. The further facts are stated in the opinion.

*Hart & White,* for Appellant.

Section 3804 of the Political Code, providing that the board of supervisors of a county "may" order the refunding of a tax illegally collected, should be construed as mandatory. (*Supervisors* v. *U. S.* 4 Wall. 446; *People* v. *Supervisors,* 68 N. Y. 119; *Rex.* v. *Barlow,* 2 Salk. 609; *Malcolm* v. *Rogers,* 5 Cowen, 188; 15 Am. Dec. 464; *Ex parte Simonton,* 9 Port. 390; 33 Am. Dec. 320; *Newburgh Turnpike Co.* v. *Miller,* 5 Johns. Ch. 101; 9 Am. Dec. 274; *Estate of Ballentine,* 45 Cal. 699; *People* v. *Supervisors,* 51 N. Y. 401.)

*Edward Swinford,* and *T. J. Hart,* for Respondent.

The license taxes having been voluntarily paid cannot be recovered back. (*Brumagim* v. *Tillinghast,* 18 Cal. 271; *Bucknall* v. *Story,* 46 Cal. 596; *Bank of Woodland* v. *Webber,* 52 Cal. 73; *Wills* v. *Austin,* 53 Cal. 152; *Town of Ligonier* v. *Ackerman,* 46 Ind. 552; *Town of Brazil* v. *Kress,* 55 Ind. 14; *Emery* v. *City of Lowell,* 127 Mass. 138; *Cahaba* v. *Burnett,* 34 Ala. 400; *Detroit* v. *Martin,* 34 Mich. 170; *Rogers* v. *Greenbush,* 58 Me. 390; *Mayor of Baltimore* v. *Lefferman,* 4 Gill, 425; 45 Am. Dec. 145; *Railroad Co.* v. *Commissioners,* 98 U. S. 544.) License fees are not property taxes within the meaning of section 3804 of the Political Code. (*Loomis* v. *Los Angeles,* 59 Cal. 456.)

FOOTE, C.—This is an action against Colusa County, to recover moneys alleged to have been "illegally and erroneously" collected for licenses, paid by divers persons who before suit assigned their claims to the plaintiff.

The several sums of money sued for, according to the allegations of the complaint, were *voluntarily* paid, and not for or on account of any *property taxes* assessed.

Section 3804 of the Political Code, which the plaintiff relied on to support his contention, does not apply to an action of this kind.

And no rule of law authorizes him to recover. (*Harper* v. *Rowe*, 53 Cal. 234; *Loomis* v. *County of Los Angeles*, 59 Cal. 456.)

The demurrer to the complaint was properly sustained and the judgment should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment is affirmed.

Hearing in Bank denied.