[No. 19548. In Bank.—April 7, 1896.]

## MARK ELBERG, APPELLANT, v. COUNTY OF SAN LUIS OBISPO, RESPONDENT.

TAXATION — FUNDS OF HIGH SCHOOL DISTRICT — ACTION TO RECOVER ILLEGAL TAXES PAID UNDER PROTEST — LIABILITY OF COUNTY.—A county, as such, has no interest in the funds of a high school district, nor any control over the same in the county treasury; and no action will lie against the county, under section 3819 of the Political Code, to recover taxes paid into such funds under protest, upon the ground of alleged illegality of the high school tax.

ID.—CONSTRUCTION OF CODE.—Section 3819 of the Political Code is not to be construed to permit an action against a county to recover taxes paid to and held by its officials, not for the benefit of the county, but for the use of, and to be disbursed by, a local district within the county, and for the enforced payment of which by the county it could have no recourse against such district.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. V. A. GREGG, Judge.

The facts are stated in the opinion.

*William Shipsey*, and *Graves & Graves*, for Appellant.

*F. A. Dorn*, for Respondent.

THE COURT.—In the Department opinion rendered in this case it was decided that the judgment appealed from, entered after a general demurrer to the complaint had been sustained, should be affirmed. This was upon the ground that no cause of action was stated against the defendant county, which was not a proper party

defendant, and against which plaintiff had no claim or demand.

The point, however, had not been presented in the briefs of counsel, and it was urged that the decision worked a hardship upon appellant, who had thus been given no opportunity to argue the question. The rehearing was therefore ordered.

Upon a second examination we are satisfied with the Department opinion. Appellant is in the unfortunate position of claiming a cause of action against B which he seeks to prosecute against A. He has stated no cause of action against B, and could not amend to substitute A for B. His only course would be to institute a new suit against the true defendant.

The reasoning and authority in support of the conclusion that the county is not a proper defendant will be found set forth at length in *Pacific Mut. Life Ins. Co. v. County of San Diego, ante,* p. 314.

The judgment is affirmed.

BEATTY, C. J., did not participate in the foregoing decision.

The following is the opinion above referred to, rendered in Department Two, on the 3d of August, 1895:

BRITT, C.—Action to recover certain payments of taxes of the fiscal year 1893–94, made, under protest, in July, 1894, to the tax-collector of San Luis Obispo county for the support of a high school in the San Luis Obispo Union High School District—a district assuming to be organized under the act to provide for the establishment of high schools, approved March 20, 1891. (Stats. 1891, p. 182.) The levy of such taxes is claimed to have been illegal in several respects. It appears from the complaint that thirteen adjoining school districts in said county united for the formation of the high school district, and the taxes in question were levied by the board of supervisors in September, 1893, at the request and upon the certified estimate of the majority of the clerks

of said constituent districts convened and jointly acting; that the moneys sued for, when paid to the tax-collector, were by him placed in the county treasury, where they yet remain in a fund called the "San Luis Obispo Union High School Fund." It is not alleged that the county has or asserts any interest in this fund, or the money sued for, or any right to control the same. The action seems to be brought in consequence of the permission contained in the new section 3819, added to the Political Code in 1893. The court below sustained a demurrer to the complaint, interposed on the ground that the same does not state facts sufficient to constitute a cause of action against defendant, and rendered judgment dismissing the action.

The demurrer was rightly sustained. The county, as such, has no interest in the funds of the high school district, nor any control over the same in the county treasury (Stats. 1893, p. 272); and we do not think it was the legislative intent, by the enactment of section 3819 of the Political Code, to permit an action against a county to recover taxes paid to and held by its officials, not for the benefit of the county nor subject to its disposition, but for the use of, and to be disbursed by, a distinct organization—a local district within the county. If judgment is obtained in such an action against the county, then it must be paid by the county; and no provision is made by which it may have recourse upon the district for the amount thus paid, as it has against the state in the case of enforced repayment of taxes which have already reached the state treasury (Pol. Code, sec. 3819); manifestly this would be unjust to those parts of the county not within the district, and we should not attribute to the legislature a design to allow such a result, unless that construction is required by the terms of the statute—as it is not in this instance.

The judgment should be affirmed.