[S. F. No. 378. In Bank.—May 22, 1897.]

## LOUIS FATJO AND MARIANA F. ROCA, EXECUTORS, ETC., APPELLANTS, v. HENRY A. PFISTER, CLERK OF SANTA CLARA COUNTY, RESPONDENT.

ESTATES OF DECEASED PERSONS — GUARDIANSHIP — FEES FOR INVENTORY AND APPRAISEMENT—INVALID AD VALOREM TAX IN FEE BILL—CONSTITUTIONAL LAW.—The proviso in the fee bill of 1895, that at the time of filing the inventory and appraisement, in proceedings for administration of the estates of deceased persons, or in guardianship proceedings, "there shall be an additional deposit of one dollar for each additional thousand dollars in excess of three thousand dollars," does not impose a fee properly so called, but is an unconstitutional attempt of the legislature to impose an *ad valorem* property tax upon all estates of deceased persons, infants, and incompetents, regardless of their solvency or insolvency, and is in violation of section 1 of Article XIII of the

constitution, in imposing an extraordinary tax upon the property to which it applies, in addition to the equal and uniform tax to which alone all property in the state is liable; and also violates section 24 of article IV of the constitution, in not being germane to the title of the fee bill; and further violates section 12 of article XI of the constitution, which forbids the legislature to impose taxes for county purposes.

APPEAL from a judgment of the Superior Court of Santa Clara County.   W. G. LORIGAN, Judge.

The facts are stated in the opinion of the court.

*Louis Arques*, and *H. V. Morehouse*, for Appellants.

*B. A. Herrington*, and *H. L. Partridge*, for Respondent.

BEATTY, C. J.—Plaintiffs are the executors of the will of Mariano Malarin, deceased, and the defendant is the clerk of the superior court of Santa Clara county.

On June 18, 1895, said executors presented to said clerk the inventory and appraisement of the estate of said decedent and requested him to file the same, and tendered as fees for said and other services rendered prior thereto the sum of twenty dollars.   The value of said estate, as shown by said inventory and appraisement, is two hundred and forty-three thousand five hundred and four dollars and seventy cents; and the clerk demanded as fees for said filing two hundred and forty dollars, and refused to file said inventory and appraisement unless said sum should be paid.

Plaintiffs thereupon petitioned said superior court for a writ of mandate requiring said clerk to file said inventory and appraisement; the clerk answered said petition, and, upon the hearing, the court denied the prayer of the petitioners, and from that judgment they appeal.

The only question involved in the case is the constitutionality of the act of March 28, 1895, entitled "An act to establish the fees of county, township, and other officers, and of jurors and witnesses in this state." (Stats. 1895, p. 267.)   Said act, so far as it is necessary to quote it, is as follows:

"SECTION 1. The following county, township, and other officers shall charge and collect the following fees: County Clerk. On the commencement of any action or proceeding in the superior court, except probate proceedings, or on appeal thereto, to be paid by the party commencing such action or proceeding, or taking such appeal, five dollars. On the filing of a petition for letters of administration, testamentary, or guardianship, five dollars, to be paid by the petitioner; provided, that at the time of filing the inventory and appraisement in any such proceeding there shall be an additional deposit of one dollar for each additional thousand dollars of the appraised valuation in excess of three thousand dollars."

The act proceeds to fix the fees for filing a petition to contest a will or codicil, and the fees to be paid by defendants in civil cases, and for copies, certificates, and other enumerated services, and in like manner fixes the fees of sheriffs, recorders, and other officers.

It is conceded that, if the provision above quoted relating to the filing of the inventory and appraisement of the estates of deceased persons in cases where the valuation exceeds three thousand dollars is constitutional, the fee demanded by the clerk was the proper legal fee; but if said provision is unconstitutional, that the fee tendered by the petitioners was sufficient.

The constitutionality of the act is assailed upon various grounds, of which it will be necessary to notice but one or two.

It is perfectly plain that the legislature has attempted by that portion of section one, above quoted, to levy a property tax upon all estates of decedents, infants, and incompetents. The *ad valorem* charge for filing the inventory is in no sense a fee, or compensation for the services of the officer, which are the same, as respects this matter, in every estate, large or small. To call it a fee is a transparent evasion. And it is not merely an inheritance tax, or at all analogous to an inheritance tax, as counsel would contend; for, in the first place, it

applies not only to the estates of decedents, but also to the estates of minors and incompetents under guardianship; and, as to the estates of decedents, it applies not to the distributable residue after payment of debts and expenses of administration, but to the whole body of the estate, and would be collectible, if the law were valid, from an insolvent estate, as well as from one of equal appraised value and with no liabilities.

As an attempt to levy a property tax, the act is in this particular invalid for several reasons; 1. It violates section 1 of article XIII of the constitution, in imposing an extraordinary tax upon the property to which it applies, in addition to the equal and uniform tax to which alone all property in the state is liable. 2. The subject of the act is not expressed in its title, and is in no wise germane thereto—a violation of section 24 of article IV of the constitution, which requires that every act shall embrace but one subject, which subject shall be expressed in its title. 3. The act requires the tax for which it provides to be paid into the county treasury for county purposes, and violates section 12 of article XI of the constitution, which forbids the legislature to impose taxes for county purposes.

The judgment of the superior court is reversed, and the cause remanded, with directions to grant the peremptory writ of mandate as prayed by the petitioners.

TEMPLE, J., McFARLAND, J., VAN FLEET, J., HARRISON, J., HENSHAW, J., and GAROUTTE, J., concurred.