[S. F. No. 796.   Department Two.—December 23, 1898.]

## J. C. CORBETT et al., Respondents, v. A. C. WIDBER, Treasurer, Appellant.

TAXES—EXCESS COLLECTED BY ASSESSOR—DUTY OF TREASURER.—Money collected by the assessor for taxes upon personal property, unsecured by lien upon real estate, if found to be in excess of the amount finally determined to be due, must be repaid by the county treasurer, to the person to whom the collection was made, or to his assignee, on demand therefor.

ID.—PRIVATE PROPERTY—AUDIT NOT REQUIRED—MANDAMUS.—The excess of money paid to the assessor is the private property of the person who paid it, and constitutes no part of the public funds; and the demand therefor need not be audited, but the treasurer may be compelled by *mandamus* to repay such excess.

ID.—TAXES DUE FOR PREVIOUS YEAR—OFFSET.—In a proceeding by *mandamus* to compel the treasurer to repay to the plaintiff an excess of taxes paid to the assessor, the treasurer cannot offset an indebtedness of the plaintiff for unpaid taxes of a previous year.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Harry T. Creswell, City and County Attorney, and W. I. Brobeck, Assistant Attorney, for Appellant.

Haven & Haven, for Respondents.

HENSHAW, J.—This appeal is from a judgment awarding to the plaintiffs a writ of mandate against the treasurer of the city and county of San Francisco.

The assessor of the city and county of San Francisco is required to collect taxes upon personal property unsecured by real estate some months in advance of the fixing of the rate by the supervisors.   He is, therefore, directed by law to collect at the rate established for the preceding year.   These moneys he turns over to the treasurer.   In the event that the taxes so collected for the current year shall exceed the amount finally determined to be due, the excess "must be repaid by the county treasurer to the person from whom the collection is made, or to

his assignee, on demand therefor." (Pol. Code, secs. 3640, 3714, 3820-30.)

It is admitted that there was an excess of forty dollars and five cents in the treasury paid by plaintiffs' assignors in accordance with these laws. Plaintiffs made oral demand upon the treasurer for the payment back to them of the money, and upon his refusal applied for and obtained a writ of mandate.

In support of this appeal reliance is had upon the provisions of the consolidation act, section 84 of which declares that "every demand upon the treasury . . . . must, before it can be paid, be presented to the auditor of the city and county, to be allowed," et cetera. Section 82 of the same act declares: "No payment can be made from the treasury, or out of the public funds of said city and county unless the same be specifically authorized by this act, nor unless the demand which is paid be duly audited, as in this act provided." Notwithstanding these provisions, we think the demand made by plaintiffs in this case was legally sufficient, and that to this character of demand the sections of the consolidation act above cited do not apply. The excess moneys so received by the treasurer are no part of the moneys of the city and county, and, if the aggregate of them be denominated a fund, it is in no sense a public fund of the city and county. It is a trust fund in the custody of the city, and under the immediate charge of its treasurer. The treasurer is but a bailee, holding the moneys subject to the demands of the rightful owners. The revenue laws expressly declare that these moneys shall not be apportioned to the state, but shall be held in the treasury and repaid to the rightful owner upon his demand. (Pol. Code, sec. 3824.) Moneys so held constitute no part of the public funds. (*Pacific Mut. Life Ins. Co. v. San Diego Co.,* 112 Cal. 314; *Elberg v. San Luis Obispo Co.,* 112 Cal. 316.) A demand upon the treasury for the repayment of moneys so held is not "a demand upon the treasury," or a demand upon any "public fund" in the treasury, within the meaning of the consolidation act. Section 95 of the consolidation act declares that "demands on the treasury may be made for the following objects, and none others." Under fifteen subdivisions of the section are enumerated the kinds and characters of such demands, and the objects for which the public moneys of the city and county may be expended. The section will be read in vain

to discover therein any authority whatsoever for the payment of a demand such as the one in question. It is not within the contemplation of the consolidation act, yet clearly it is within the contemplation of the law, and indeed within its express declaration, that such moneys should be repaid upon demand. In *Ex parte Reis*, 64 Cal. 233, notwithstanding the reliance placed by the treasurer of the city and county upon these very provisions of the consolidation act, he was adjudged guilty of contempt in refusing to pay a demand for the fees of a stenographic reporter, though the demand had not been made in compliance with the charter provisions. In *Ex parte Widber*, 91 Cal. 367, it was held that a demand ordered paid by the judge for the necessary expenses of providing him with a suitable courtroom was not within the limitations of the consolidation act. In brief, the fact is, as clearly pointed out by Justice Thornton in his concurring opinion in *Ex parte Reis, supra*, namely, that the demands referred to in the consolidation act are only those mentioned in and authorized by it. The demand in question is not such a one. It is not even a demand upon the moneys of the city and county, as were those in the Reis and Widber cases. It is simply a demand by the absolute owner of moneys upon its custodian, who chances to be an officer of the city.

Appellant next urges the sufficiency of a special defense which was pleaded on behalf of the treasurer. Section 82 of the consolidation act provides that "no demand upon the treasury shall be allowed by the auditor in favor of any person or officer in any manner indebted thereto, without first deducting the amount of such indebtedness." Plaintiff's assignors, it was averred, were indebted to the city for delinquent taxes of a preceding year. The right to reduce plaintiff's demand by setting off the amount of such delinquent taxes was insisted upon. The court properly sustained a demurrer to this defense, for, in the first place, plaintiff's demand, as we have said, was in no sense a demand upon the treasury. It was a demand for the return of moneys owned by the plaintiff; and, in the second place, while the right to urge a counterclaim or insist upon a setoff is as available to a municipal corporation as it is to a natural person, that right must be invoked before the judicial department of the state. This provision of the consolidation act is an attempt, not only to impose

judicial functions upon an executive officer, but also to constitute him sole judge in a matter affecting the interests of the city and county which he represents. It is sought, therefore, not alone to make an executive officer a judge, but to make him a partisan judge. The assignment proved by plaintiffs was sufficient to support their claim.

The judgment appealed from is affirmed.

McFarland, J., concurred.

TEMPLE, J., concurring.—I concur in the judgment. I think the money while in the treasury does constitute a part of the county funds. A special method is provided for the payment of this class of demands, which relieves the claimant from the delay, expense, and trouble of the usual mode. If the taxpayer does not call for it, the treasurer—in my opinion—must account therefor to the county and cannot retain it. The provision that such money shall not be distributed to the state means only that the county shall retain it and be liable to the taxpayer therefor.