[S. F. No. 3798.   In Bank.—December 5, 1907.]

# CHARLES E. TROWER, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

FEES FOR FILING INVENTORY—ACT OF MARCH 28, 1895, UNCONSTITUTIONAL.—The act of March 28, 1895, entitled "An Act to establish the fees of county, township and other officers, and of jurors and witnesses in this state," in so far as it purports to require the payment of fees for the filing of inventories and appraisements in estates of decedents, infants, and incompetents is unconstitutional.

ID.—FEES ILLEGALLY EXACTED BY COUNTY CLERK—VOLUNTARY PAYMENT —REMEDY BY MANDAMUS.—An executor who is compelled by the county clerk, as a prerequisite to the filing of an inventory and appraisement in his testator's estate, to pay the fees purported to be fixed by that act, upon the refusal of the clerk to make the filing unless such fees were paid, may maintain an action to recover the same back. The payment so made was not voluntary, and the executor was not confined to the remedy by *mandamus* to compel the filing of the documents.

ID.—PAYMENTS WHEN VOLUNTARY OR INVOLUNTARY.—When an illegal demand is made against the person or property of an individual which can be enforced only by a judgment therefor in an action at law wherein he can control its legality, or if made under a threatened sale of his property, and he can contest the validity of the proceedings whenever an attempt is made to disturb his possession, and he pays the claim or demand rather than be subjected to such action or to have his property sold, such payment is voluntary to the extent that it cannot be recovered in an action therefor. If, however, an illegal demand is made by any person holding an official position, with the color of authority to enforce the same, and such demand operates as a restraint upon the exercise of an undoubted right or privilege, and in its enforcement there is no opportunity of contesting its validity, a payment of the demand in order to remove such restraint is compulsory and not voluntary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Edward H. Stearns, and Albert H. Elliott, for Appellant.

Franklin K. Lane, City Attorney, and James G. Gallagher, for Respondent.

LORIGAN, J.—Plaintiff brings this action against the city and county of San Francisco upon fifty-eight assigned causes of action set forth in separate counts, the allegations of which are identical with the exception of the names, dates, and amounts. The first count is for the recovery of ninety dollars only, but the aggregate sum for which judgment is sought on all the counts in the complaint amounts to fifty-four hundred dollars.

The action involves certain fees alleged to have been demanded and collected by the county clerk of the city and county of San Francisco, and thereafter paid to the county treasurer of said city and county, for the filing of inventories and appraisements in estates of decedents, infants, and incompetents mentioned in the various counts of the complaint under the provision of an act of the legislature of this state entitled "An Act to establish the fees of county, township and other officers and of jurors and witnesses in this state," approved March 28, 1895, [Stats. 1895, p. 267]. Subsequent to the payment of such fees this act was declared unconstitutional (*Fatjo* v. *Pfister,* 117 Cal. 83, [48 Pac. 1012]), and thereupon this action was brought to recover them back.

For the sake of brevity reference will be made only to the first count in the complaint. It is there alleged that on February 2, 1897, the executors of the Estate of William Andrew, deceased, pursuant to the provisions of said act paid to the county clerk of the city and county of San Francisco upon filing the inventory and appraisement in said estate the sum of ninety dollars; that said sum was demanded from said executors as the fee provided by law for the filing of said inventory and appraisement by said county clerk, who refused to file the same until and unless said sum was paid; that said sum was paid by reason of said demand and refusal to file said inventory and appraisement unless it was paid, and not otherwise, and that said sum so paid was in excess of all fees required by law in said estate. Then follows an allegation of the assignment of said claim to plaintiff, his presentation of a verified claim and demand to the board of supervisors of said city on December 22, 1897, within one year after the discovery that said fees had been illegally collected and the rejection of said claim by said board.

The defendant answered specifically denying the allegations of the complaint, but before the case came on for trial made a motion for judgment on the pleadings which was granted, and from the judgment pursuant thereto in favor of defendant the plaintiff appeals.

The only question presented for consideration on this appeal is whether or not a cause of action is stated in the complaint.

No brief is filed on behalf of the respondent, but we make no question that the trial court granted the motion on the theory that as the county clerk had no authority to collect the fees alleged to have been paid for filing the inventories and appraisements, because the act requiring their payment was unconstitutional, and as the assignors of plaintiff could have compelled their filing by proceedings in *mandamus*, the payment of such fees, without taking such proceedings, amounted to a voluntary payment which plaintiff was not entitled to recover back; that as the fees were paid with knowledge of the illegality of their exaction, and were not paid by the assignors of the plaintiff to protect their property or persons from detention or seizure, or to prevent the threatened exercise of power against either, the payments were not involuntary or compulsory, so as to give plaintiff any right of action. In the absence of any brief by respondent, we assume this to have been the ground urged in support of its motion and to be the view taken by the trial court in granting it, as, in our opinion, it is the only one which could be asserted or assumed to sustain the correctness of the judgment rendered. We are satisfied, however, that the trial court misconceived the true principle of law applicable to the facts alleged in the complaint; that the facts stated with reference to the payment of the fees exacted show a cause of action, under the authorities, for their recovery as involuntary and compulsory payments.

The act under which the fees were exacted by the county clerk being unconstitutional, the assignors of plaintiff had a right to have the inventories and appraisements in the various estates which they represented, filed without payment of any separate fee therefor; the exaction of the fee provided under the unconstitutional act was illegally made by the clerk by virtue of his official position and against the right of the assignors of plaintiff to have such documents filed immediately on their presentation. The law required that they be

filed within a given time; it was necessary that they be filed in order to proceed with the administration of the respective estates; the executors would be deemed culpable in delaying their filing, and be subject at least to proceedings for removal from office for failure to do so. The only alternative left to the assignors of plaintiff was to commence *mandamus* proceedings to compel the filing of the documents, or pay the illegally exacted fees. They chose the latter alternative, and we are satisfied that, under the authorities, such payment was none the less involuntary, and that their right to recover it back was not at all affected by their failure to bring such *mandamus* proceedings.

While the brief of appellant is replete with authorities from other jurisdictions supporting the right of recovery under the facts detailed in the complaint, it is unnecessary to consider them, because the rule determining when payments are or are not voluntary, and hence recoverable or not recoverable, is clearly defined in this state in a case in all respects similar to the one at bar. We refer to the case of *Lewis* v. *San Francisco*, decided by the district court of appeal for the first appellate district. (2 Cal. App. 113, [82 Pac. 1106].) That action was brought by the executors of the estate of M. W. Lux, deceased, to recover back fees for filing an inventory and appraisement in such estate exacted and paid under the same unconstitutional act under which they were exacted from the assignors of plaintiff, and from a judgment of recovery the defendant appealed. The same grounds were urged in the appellate district court against the right of recovery as we assume were urged in the court below on the motion for judgment on the pleadings in the case at bar—that the payment was voluntary and not compulsory.

The court there lays down the rule under which it shall be determined when payments are deemed to have been voluntarily made and not recoverable, and when they shall be deemed involuntarily paid and subject to recovery.

It declares: "When an illegal demand is made against the person or property of an individual which can be enforced only by a judgment therefor in an action at law wherein he can contest its legality, or if made under a threatened sale of his property, and he can contest the validity of the proceedings whenever an attempt is made to disturb his possession,

and he pays the claim or demand rather than be subjected to such action or to have his property sold, such payment is voluntary, to the extent that it cannot be recovered in an action therefor. If, however, an illegal demand is made by any person holding an official position, with the color of authority to enforce the same, and such demand operates as a restraint upon the exercise of an undoubted right or privilege, and in its enforcement there is no opportunity of contesting its validity, a payment of the demand in order to remove such restraint is compulsory, and not voluntary. The distinction to be observed is between a payment made for the purpose of protecting or securing the present enjoyment of a right to which the person is immediately entitled, and a payment made to prevent a threatened disturbance of such right where there is no authority to interfere with its enjoyment until the right of the threatening party shall be established in a judicial proceeding in which the rights of the respective parties may be presented and determined. In the latter case, a payment to avoid such threatened contest is regarded as voluntary, while in the former case it is compulsory. The exaction by a clerk or other official, against the protest of a party, of illegal fees as a condition for filing a document in his office which the party presenting it is entitled to have filed by him renders the payment of such fees compulsory, and it is none the less compulsory that the party could have procured a writ of mandate compelling him to file the document without paying the fees demanded. His right to file the document was immediate, and the payment of the fee under the alternative of bringing such action and incurring the expense and delay thereof is not voluntary.''

We think there can be no question of the accuracy of the rule as thus clearly laid down by the district court of appeal, and which is sustained by numerous authorities, many of which are cited in the opinion of the court.

The allegations of the complaint at bar, in our judgment, square exactly with the rule laid down above as to the right of recovery where illegal fees are exacted by one in official authority, preventing the immediate exercise of an undoubted right unless upon their payment; they show a case of compulsory payment within the rule and the action of the lower court in ordering judgment upon the pleadings was erroneous.

The judgment is reversed and the cause remanded for further proceedings.

Shaw, J., Angellotti, J., McFarland, J., and Henshaw, J., concurred.