[S. F. No. 5325. Department One.—May 28, 1910.]

## CHARLES E. TROWER, Appellant and Respondent, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent and Appellant.

ACTION TO RECOVER FEES ILLEGALLY EXACTED—DECISION UPON FORMER APPEAL — LAW OF CASE — NEW DEFENSE — BAR OF CLAIM UNDER CONSOLIDATION ACT.—The doctrine of the law of the case is limited to rulings upon questions of law which were actually presented and considered upon a former appeal. In an action to recover fees illegally exacted by the county clerk under an unconstitutional law, where the matter passed upon on the former appeal was that the complaint stated a cause of action, that the payment exacted was not voluntary, and that a judgment for defendant upon the pleadings as they stood was improper, it did not include as part of the law of the case, a new defense that the claim was barred under section 90 of the Consolidation Act because not presented duly audited to the city and county board, as therein provided.

ID.—CONSTRUCTION OF CONSOLIDATION ACT—NATURE OF CLAIMS REQUIRING PRESENTATION.—In construing section 90 of the Consolidation Act providing that "any demand whatsoever . . . hereafter accruing, shall not be paid, but shall be forever barred by limitation of time, unless the same shall be presented for payment, properly audited, within one month after such demand shall become due," it is to be considered that this is one of several sections contained in article VI of the Consolidation Act, relating to finance and revenue, and that the result of the decisions construing it is to establish the rule that the requirement of presentation applies only to such claims as are, by the terms of the Consolidation Act itself made payable out of the treasury of the city and county, and that that act does not require the presentation of claims and demands having an extraneous origin.

ID.—ACT INAPPLICABLE TO MONEY PAID BY COMPULSION.—The Consolidation Act is inapplicable to the demand here sued for. The city and county exacted from plaintiff's assignors, and holds in its treasury money to which it had no legal or equitable right; and the plaintiff is entitled to recover the amount so paid. Plaintiff's right of recovery rests not upon any provision of the Consolidation Act, but on the general rule which authorizes the recovery of money not justly due to the payee, but paid by compulsion.

ID.—ASSIGNMENTS BY EXECUTORS—MONEY ILLEGALLY EXACTED FOR FILING INVENTORIES AND APPRAISEMENTS—INDIVIDUAL RIGHT.—The assignments made to plaintiff by executors from whom moneys had been illegally exacted upon the filing of inventories and appraise-

ments were not invalid under section 1517, as sales made without order of the court. That section is inapplicable. It may be assumed that the assignments were for collection, but it is also to be considered that the·money paid was not part of the property of the estate, but was a payment unauthorized by law. It must be presumed that the probate court refused to give the executors credit for said payments in their accounts. The payments were chargeable to them individually; they had the right to recover them in their individual capacities, and the corresponding right to make assignments.

ID.—AMENDMENT OF ANSWER TO PLEAD BAR OF STATUTE—SUBMISSION— DISCRETION.—The trial court had discretion to allow the defendant, after the cause had been submitted, on the second hearing, to amend its answer to plead subdivision 1 of section 339 of the Code of Civil Procedure, in bar of the action. The granting or refusing of leave to amend an answer where leave is required is a matter committed to the sound discretion of the trial court; and this is true of amendments for the purpose of setting up the statute of limitations, as well as other amendments.

ID.—REVIEW OF ALLOWANCE OF AMENDMENT UPON APPEAL—PRESUMPTION.—The action of the court in passing upon an amendment to plead the statute of limitations, whether favorable or unfavorable, will not be disturbed upon an appeal, if no abuse of discretion appears in the record. Where the bill of exceptions contains no sufficient showing of abuse, it must be presumed that the trial court properly exercised its discretion.

ID.—ACTION GOVERNED BY BAR OF STATUTE PLEADED.—The cause of action to recover moneys illegally exacted and retained by the defendant without right, is one of assumpsit for money had and received, and is "an action upon a contract, obligation, or liability not founded upon an instrument of writing," and is barred within two years, under subdivision 1 of section 339 of the Code of Civil Procedure.

ID.—ACTION NOT BASED UPON STATUTE.—The contention of plaintiff that the right of recovery is based on section 3804 of the Political Code, and is therefore an action based upon a statute, which is not barred until three years, is untenable. Section 3804 of the Political Code has reference only to claims based upon the payment of illegal or excessive taxes, penalties, or costs pursuant to an assessment of property under title IX of the Political Code. The payments exacted from plaintiff were not of that class.

CROSS-APPEALS from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Albert H. Eliot, and Edward H. Stearns, for Charles E. Trower, Appellant and Respondent.

Percy V. Long, City Attorney, and Jesse H. Steinhart, Assistant City Attorney, for City and County of San Francisco, Respondent and Appellant.

SLOSS, J.—The plaintiff, assignee of various persons who had, as guardians, executors, or administrators, paid to the treasurer of the city and county of San Francisco fees upon filing inventories and appraisements, brought this action to recover the amounts so paid. The act under which the county clerk had exacted the payments was unconstitutional, as held by this court in a case decided after the payment of the fees here involved. (*Fatjo* v. *Pfister,* 117 Cal. 83, [48 Pac. 1012].) The defendant answered and thereupon moved for judgment upon the pleadings. The motion being granted and judgment entered accordingly, the plaintiff appealed to this court, which reversed the judgment complained of. (*Trower* v. *City and County of San Francisco,* 152 Cal. 479, [92 Pac. 1025].)

Upon the return of the case to the superior court the defendant, by leave of court, amended its answer by adding a plea that the action and each count thereof was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure. Before such amendment the answer had consisted of denials of certain allegations of the complaint (including, *inter alia,* a denial of the assignments to plaintiff), and also of a separate defense that the causes of action were barred by the provisions of section 90 of the Consolidation Act, the organic act governing the city and county of San Francisco at the time the action was commenced. (Stats. 1856, p. 145.)

The findings showed that the respective claims had been assigned to plaintiff, but coupled this with a further finding, to which we shall refer more particularly hereafter. It was found that none of the claims had been presented to or allowed by the board of supervisors in the manner or within the time specified by said section 90. The findings further showed that with respect to seven of the claims involved, payment had been made to the treasurer more than two but less than three years before the commencement of the action. As to these

the court concluded that the bar of subdivision 1 of section 339 of the Code of Civil Procedure, applied. Judgment was given in favor of plaintiff for the amount of the claims not so barred.

From this judgment both parties appeal, the plaintiff from the portion of the judgment denying him a recovery on the seven claims held to be within the operation of section 339, and the defendant from so much of the judgment as gave plaintiff a recovery on the remaining claims. Both appeals are on the judgment-roll.

The defendant's principal contention is that the plaintiff should have been denied any relief by reason of the failure to comply with the requirements of section 90 of the Consolidation Act.

At the outset it may be said that there is no merit in the plaintiff's contention that the question of the applicability of said section 90 is foreclosed by the decision on the former appeal in this case. The argument is that this court held on the first appeal that the complaint, which contains no allegation of compliance with the terms of this section, stated a cause of action. If the section be applicable, an allegation of such compliance is, as is claimed, a necessary part of the complaint, and it is therefore said to be "the law of the case" that claims of the kind here involved are not within the provisions of section 90. But the doctrine of the law of the case is limited to rulings upon questions which were actually presented and considered upon the former appeal. (*Anderson* v. *Hancock*, 64 Cal. 455, [2 Pac. 31]; *Ehrlich* v. *Ewald*, 66 Cal. 97, [4 Pac. 1062]; *People* v. *Hamilton*, 103 Cal. 488, [37 Pac. 627].) It appears from the opinion in *Trower* v. *City and County of San Francisco*, 152 Cal. 479, [92 Pac. 1025], that counsel did not make, nor did the court consider, the point of the necessity of compliance with the provisions of section 90. The sole question considered and decided was whether or not a payment, made under the circumstances alleged in the complaint, was of such voluntary character as to deprive the plaintiff of a right of recovery. The ruling made became the law of the case only so far as to preclude any future attack based upon the objection there held to be untenable.

Section 90 of the Consolidation Act reads as follows: "The salaries, fees and compensation of all officers, including police-

men and employees of all classes, and all teachers in common schools or others, employed at fixed wages, shall be payable monthly; and any demand whatsoever upon the treasury hereafter accruing, shall not be paid, but shall be forever barred by limitation of time, unless the same be presented for payment properly audited, within one month after such demand became due and payable; or if it be a demand which has to be passed and approved by the board of supervisors or board of education, then within one month after the regular session of the proper board, held next after the demand accrued, . . ." If this section stood alone there might be good ground for the contention that its effect was to bar a claimant who had not complied with its provisions from recovering upon a demand of any character upon the treasury. But it is only one of a number of sections contained in the article of the Consolidation Act dealing with the subjects of finance and revenue, and an examination of this article as a whole (art. VI; Stats. 1856, pp. 167-175) shows that section 90 was not intended to have the broad scope which might be indicated by some of its terms. This court has on several occasions been called upon to consider the effect of the various sections of the Consolidation Act governing the auditing, allowance, and payment of claims against the treasury of the city and county of San Francisco. The result of the decisions has been to establish the rule that the requirement of presentation to and allowance by the various officers and boards of the municipality applies only to such claims as are by the terms of the Consolidation Act itself made payable out of the treasury of the city and county. This construction, with the reasons leading to it, is very clearly set forth by Thornton, J., in his concurring opinion in *Ex parte Reis,* 64 Cal. 233, [30 Pac. 806], where it was held to be the duty of the treasurer to pay phonographic reporters in criminal cases the compensation fixed by the court (pursuant to Code Civ. Proc., secs. 269 to 271), without the necessity of approval or audit by any city and county officer. The power of the court to fix the compensation of the reporter and to order payment of the same is affirmed in *Stevens* v. *Truman,* 127 Cal. 158, [59 Pac. 397]. In *Aid Society* v. *Reis,* 71 Cal. 634, [12 Pac. 796], the court held that the approval of the supervisors was not necessary to the validity of a claim for the support of a minor committed to the custody of a charitable cor-

poration under section 1388 of the Penal Code. In *Ex parte Widber,* 91 Cal. 367, [27 Pac. 733], it was held that a demand ordered paid by the judge for the necessary expenses of providing him with a suitable courtroom was not within the limitations of the Consolidation Act. *Corbett* v. *Widber,* 123 Cal. 154, [55 Pac. 764], was a proceeding to compel the treasurer to refund to the plaintiffs a portion of taxes paid in advance of the fixing of the tax rate, and found to be in excess of the rate actually levied. It was held that payment of this demand was not authorized by the Consolidation Act and that the plaintiff, therefore, was not required to present his claim or have it audited pursuant to the terms of that act.

We think the rule established by these cases is applicable here. The city and county exacted from the plaintiff's assignors and holds in its treasury, moneys to which it had no legal or equitable right. The plaintiff is entitled to recover the amount so paid. (*Trower* v. *City and County of San Francisco,* 152 Cal. 479, [92 Pac. 1025].) His right of recovery rests, not on any provision of the Consolidation Act, but on the general rule of law which authorizes the recovery of money not justly due to the payee but paid by compulsion. It may be said here, as was said in *Corbett* v. *Widber,* 123 Cal. 154, [55 Pac. 764], that "section 95 of the Consolidation Act declares that 'demands on the treasury may be made for the following objects, and none others.' Under fifteen subdivisions of the sections are enumerated the kinds and characters of such demands, and the objects for which the public moneys of the city and county may be expended. The section will be read in vain to discover any authority whatsoever for the payment of a demand such as the one in question. It is not within the contemplation of the Consolidation Act, yet clearly it is within the contemplation of the law . . . that such moneys should be repaid on demand."

The defendant relies strongly upon our decision in *Farmers etc. Bank* v. *City of Los Angeles,* 151 Cal. 655, [91 Pac. 795], where it was held that the presentation of a demand to the city council was a necessary prerequisite to the maintenance of an action for the recovery of taxes paid under protest. But the distinction between that case and the one at bar is plain. The provisions of the Los Angeles charter were such as to re-

quire the presentation of all claims and demands whatever
against the city (with certain exceptions not material to the
case) and to prohibit any payment from the city treasury
unless upon a demand audited as provided in the charter. But
the Consolidation Act, as we have seen, makes the presentation
and allowance of demands a prerequisite only where the
claim is one authorized to be paid by the terms of that act
itself.

The defendant makes a further point with reference to the
assignments of the various claims to the plaintiff. The finding
is that the claim for the return of each of said sums was duly
assigned to plaintiff by the person or persons as executors or
administrators or guardians of each estate on behalf of which
the payment had been made, but that none of said executors,
administrators or guardians procured from the superior court
having jurisdiction of the probating of the estate an order
authorizing the execution of an assignment of the claim to
plaintiff. The assignments are claimed to be invalid under
section 1517 of the Code of Civil Procedure which provides
that "no sale of any property of an estate of a decedent is
valid unless made under order of the superior court . . . All
sales must be . . . confirmed by the court before the title . . .
passes." We think this section has no application here. We
may assume, if the assumption be necessary to make the judg-
ment comport with the findings, that the assignments to plain-
tiff were made for collection merely. It may be doubted
whether such assignments are "sales" within the meaning of
the code section. But even if they be so regarded, the claims
in question were not a part of the property of the estates of the
respective decedents. In each instance the executor or ad-
ministrator had, after his appointment, made a payment which
was unauthorized by law. It must be presumed that the pro-
bate court refused to give to such executors or administrators
credit for these payments in their accounts. The payments
were chargeable to them individually. They, therefore, had
the right to recover them in their individual capacities, and the
corresponding right to make assignments.

On plaintiff's appeal, the first point made is that the court
erred in permitting the defendant, after the reversal of the
first judgment, and after the cause had, on the second hearing,
been submitted, to amend its answer by pleading section 339

in bar of the action. It is, however, thoroughly settled that the granting or refusing of leave to amend an answer, where leave is required, is a matter committed to the sound discretion of the trial court. This is true of amendments for the purpose of setting up the statute of limitations, as well as other amendments. The cases cited by plaintiff (*Cooke* v. *Spears,* 2 Cal. 409, [56 Am. Dec. 348]; *Stuart* v. *Lander,* 16 Cal. 373, [76 Am. Dec. 538]), proceed upon this very theory. In those cases it was held that the court below had not erred in denying leave to amend by pleading the bar of the statute. Here the trial court granted the leave. But since the matter rests in the discretion of the court, its action on the application, whether favorable or unfavorable, will not be disturbed on appeal unless it appears that there was an abuse of discretion. No such abuse is shown. The bill of exceptions discloses only that the motion for leave to amend was granted over the objection of plaintiff, who based his objection on the records and files in the action. What those records and files consisted of, beyond the pleadings, is not stated, nor does the bill purport to exhibit the showing made by the defendant in support of its motion. Under the circumstances, we must presume that the trial court properly exercised its discretion.

We think it clear that the action was one governed by the statute of limitations so pleaded. (Code Civ. Proc., sec. 339, subd. 1.) As we have said, in discussing defendant's appeal, the action is one to recover moneys unjustly exacted and retained by defendant. It is assumpsit for money had and received, and, therefore, an action "upon a contract, obligation or liability not founded upon an instrument in writing." The plaintiff seeks to base his right of recovery upon the terms of section 3804 of the Political Code, and claims, accordingly, that the suit was properly begun within three years, the period of limitation for "an action upon a liability created by statute." But section 3804 has reference only to claims based upon the payment of illegal or excessive taxes, penalties, or costs pursuant to an assessment of property under the provisions of title IX of the Political Code. This is apparent, not only from the language of the section itself, but from its location with reference to other code sections. (*O'Brien* v. *County of Colusa,* 67 Cal. 504, [8 Pac. 37]; *Grimley* v. *County of Santa Clara,* 68 Cal. 575, [9 Pac. 840].) The payments here

sought to be recovered were, as already stated, made under an act purporting to fix fees for filing inventories and appraisements in probate proceedings. They were not payments of the class covered by section 3804.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.