[Civ. No. 5900. First Appellate District, Division One.—December 30, 1927.]

C. F. McCULLOUGH, as Treasurer of the County of San Benito, Petitioner, v. RAY L. RILEY, as Controller of the State of California, Respondent.

Wyckoff & Gardiner and A. M. Runnells, District Attorney, for Petitioner.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., and R. L. Chamberlain, Deputies Attorney-General, for Respondent.

KNIGHT, J.—This proceeding in *mandamus* was instituted on behalf of San Benito County for the purpose of requiring the State Controller to deliver certain state warrants for the payment of the total sum of $4,876.90, constituting the county's share of the state "Motor Vehicle

Fund" collected by the state under the Motor Vehicle Act (Stats. 1923, p. 568). It is a proceeding identical in its nature to and involves the same main legal question presented in the one entitled "*County of San Benito, Plaintiff,* v. *Ray L. Riley, as Controller of the State of California, Defendant,*" numbered 5899, *ante,* p. 131 [263 Pac. 349], which has this day been decided by this court in favor of the plaintiff therein.

There the county was seeking to recover its share of motor vehicle fuel taxes collected by the state pursuant to the Motor Vehicle Fuel Act [Stats. 1923, p. 571], and the defense was that the county had refused to pay an alleged indebtedness to the state for the care of feeble-minded persons committed from that county to the Sonoma State Home. Here, as indicated, the county is seeking to recover its share of the operators' and chauffeurs' license fees collected by the state under the Motor Vehicle Act, the terms of which are similar to those of the Motor Vehicle Fuel Act with reference to the mathematical ascertainment of the counties' shares thereof and as to the specific mandatory duty enjoined upon the controller to draw and deliver his warrants therefor to each county, providing the county has complied with the requirements of said act by creating the property county fund for the reception of the money and in making its annual reports.

The Controller here, as in the other proceeding, expressly admits the essential allegations of the petition showing that under the terms of the act the county is entitled to the delivery of the warrants for the total amount of money claimed, but he has interposed the defense that the treasurer of the county in whose official capacity this proceeding is being maintained has failed to pay to the state certain sums of money amounting in all to $5,750.88 claimed to have been collected by him for the state on account of inheritance taxes, property taxes, and the purchase of school lands; and the prayer of the answer is that this court, in the exercise of its equitable powers, adjust the claims of the respective parties and order withheld the warrants due the county until the treasurer pays the alleged indebtedness above mentioned.

In conformity with the conclusion reached in the other proceeding, it must be held here that the matters pleaded by the Controller do not serve as a legal excuse for a refusal to perform the mandatory duty imposed upon him by the Motor Vehicle Act, nor do they constitute a defense herein; and, furthermore, that this court is without original jurisdiction to hear or determine the merits of the subject matter thereof.

The defense pleaded in the present proceeding is subject to this additional infirmity. The money which the state is withholding belongs, according to the terms of the act, to the county and not to the treasurer, the warrant therefor being made payable to the treasurer merely as the county's agent, whereas the liability for the alleged default in payment of the moneys claimed to be due the state as set forth in said special defense is against the treasurer alone, the money having been paid to him under the terms of various statutes as the fiscal agent of the state. The county is not concerned therewith, and assuming that default occurs in payment of any portion thereof to the state, the county is in no way responsible. That being so, the alleged claim of the state against the county treasurer cannot be urged as a set-off to the county's claim against the state. (*Corbett* v. *Widber*, 123 Cal. 154 [55 Pac. 764].)

Plaintiff's demurrer to the answer is sustained, and the peremptory writ will issue as prayed, for the delivery of said warrants and costs.

Tyler, P. J., and Cashin, J., concurred.