[S. F. No. 15243. In Bank.—September 8, 1934.]

HAROLD J. BOYD, Petitioner, v. FRANK C. JORDAN, Secretary of State, Respondent.

Pillsbury, Madison & Sutro for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison, Chief Deputy Attorney-General, for Respondent.

Curtis Hillyer, Irve C. Boldman and Patrick Francis O'Rourke, as *Amici Curiae* on Behalf of Respondent.

CURTIS, J.—Petition for writ of mandate directed to the Secretary of State commanding him to refrain from submitting a certain purported initiative measure to the electors of the state, and not to certify said measure to the registrars of voters and county clerks of the state. Upon the filing of the petition this court issued an alternative writ directed to said officer, commanding him to refrain from committing any of the acts in the petition complained of, or to show cause to the contrary at a specified time before this court designated in said order. At the appointed time the respondent appeared and filed as an answer and return to the alternative writ a general demurrer to the petition.

The document filed with the Secretary of State purports to be a petition for the submission to the electors of the state for their approval of a proposed constitutional amendment under the initiative provisions of the Constitution of the state. It is signed by the requisite number of qualified

electors of the state and has been filed with the Secretary of State within the time entitling it to be submitted for adoption at the coming state election, if it is otherwise found to be sufficient. The proposed amendment to the Constitution is set forth in full in the purported petition. The petitioner herein, a qualified elector and taxpayer of the state, objects to the submission of the proposed measure to the electors of the state upon the following grounds:

1. No petition for the submission of the measure has been presented to the Secretary of State as required by article IV, section 1, of the Constitution.

2. The words, "Initiative Measure Providing for Adoption of Gross Receipts Act", which appear at the top of each page after page 1 of the purported petition, do not constitute "a short title . . . showing the nature of the petition and the subject to which it relates".

The purported petition, which the petitioner attacks and contends is not a petition in any sense of the word, contains no formal petition whatever. It is not addressed to the Secretary of State and contains no request or prayer that the measure set forth therein be submitted to the electors of the state for their approval. At the top of this document, in twelve-point black-face type are printed, as required by said section of the Constitution, the words "Initiative Measure to be Submitted Directly to the Electors". These words are followed by a summarization of the proposed measure by the attorney-general, and then the proposed measure itself. Aside from the signatures of the electors, and the verification by the solicitor or circulator of the document, the foregoing constitutes the entire contents of the purported petition. The question as to the sufficiency of such document to meet the requirements of the Constitution might present an interesting subject for discussion. But we find it unnecessary to pass upon that question as we are of the opinion that the document is fatally defective in respect to the short title printed across the top of each page after the first page. We will, however, refer to the document before us as the petition.

Section 1197b of the Political Code provides that, "Across the top of each page after the first page of every initiative . . . petition or section thereof which may be prepared and circulated in accordance with law there shall be printed

in eighteen-point gothic type a short title, in not to exceed twenty words, showing the nature of the petition and the subject to which it relates." As we have seen, the short title used in the present instance is in the following words: "Initiative Measure Providing for Adoption of Gross Receipts Act".

In the case of *California Teachers Assn.* v. *Collins,* 221 Cal. 202 [34 Pac. (2d) 134], we held that a substantial compliance with this provision of said section of the code was all that was required. We further held, in considering the requirements of the Constitution and the code sections respecting these headlines at the top of the pages of an initiative petition, that, "the requirements of both the Constitution and the statute are intended to and do give information to the electors who are asked to sign the initiative petitions".

In determining whether the short title used in the present petition meets the requirements of the statute, it is necessary to ascertain the subject of the amendment to the Constitution which it is proposed to submit to the electorate of the state by means of said initiative petition. A fair statement of the nature of this proposed amendment to the Constitution may be gained from the summarization or title thereof prepared by the attorney-general which reads as follows: "Gross Receipts Tax. Initiative Constitutional Amendment Provides for taxing all money and value received, including the value of commodities when produced and/or processed, at a percentage thereof sufficient to balance state and local budgets, excepting therefrom bank deposits and principal of loans. Requires public utilities pay state tax plus average of all local taxes on gross receipts. Prohibits all other state and local taxes. Limits budget increases to five per cent annually. Prohibits exemptions. Provides for elective State Administration Board and elective County Administrators. Authorizes enforcement legislation; prescribes penalties for violation." This title briefly states the subject of the proposed amendment. From it, and also from an examination of the petition as a whole, it appears that the proposed amendment to the Constitution provides for a tax to be levied upon gross receipts of money from all sources, with certain exceptions therein specified, sufficient in amount to meet and pay the

expenses of maintaining the state government and all political subdivisions of the state; all existing tax laws are repealed, an entirely new set of officers are provided for the levy and · assessment of the proposed tax; and the offices of assessor and tax collector of every county in the state are abolished. This tax, while it is not so designated in the petition, is commonly called and known as the syncrotax.

It clearly appears, therefore, that the subject to which the proposed amendment to the Constitution relates is a tax on gross receipts for the purpose of meeting the expense of government. And in this connection, it will be observed that gross receipts are considered and dealt with in the proposed amendment for no other purpose than that of fixing the basis upon which said tax is to be computed. The essential features, therefore, and the sole purpose of the proposed measure, is to levy a tax to maintain the state and its political subdivisions. Does the short title which we have set out above comply with the requirements of said section 1197b, which directs that it shall show the nature of the petition and the subject to which it relates? The petition before us asks that an amendment to the Constitution be submitted to the people, which amendment has for its sole purpose the raising of revenue for the support of the state government. The short title used in this petition makes no reference to a tax or to the fact that the proposed amendment is a revenue measure. We think it is clear that the short title neither shows the nature of the petition, nor does it show the subject to which it relates. There is nothing in this short title which informed the elector who was asked to sign it that the proposed measure provided for the levy of any tax whatever. He was informed that the petition provided for the adoption of a gross receipt act, but no information was given him as to the character of the proposed legislation regarding that subject. He was as much in the dark regarding the real purpose of the proposed measure after reading the short title as he was before he had read it. The short title did not bring to his mind any idea or. suggestion whatever that the amendment proposed related to taxation in any form whatever. It, therefore, gave him no information upon the very subject with which he was then concerned, and as to which the law gave him the right to be informed. In

our opinion, this vital defect in the short title vitiates the whole petition and renders it inadequate for any purpose. This contention finds support in the decision rendered by this court in the case of *Fatjo* v. *Pfister*, 117 Cal. 83 [48 Pac. 1012], where the court held an act of the legislature, which in effect levied a tax, was invalid under the section of the Constitution which provided that ''every act shall embrace but one subject, which subject shall be expressed in its title'', for the reason, among others, that the title to the act did not indicate that the act provided for a tax.

Respondent has called to our attention a number of statutes of the state which he contends bear short titles similar to the short title used in the present petition. These statutes, with their alleged ''short titles'', are: ''The School Code of the State of California,'' ''The Transportation District Act,'' ''Warehouse Receipts Act,'' ''Water Commission Act,'' ''California Water District Act,'' ''Weights and Measures Act,'' and ''State Housing Act''. An examination of these statutes, however, will show that the real title of each of these acts sets out in full the subject to which the act relates. In some of these statutes the title is lengthy and hundreds of words are used to express the subject to which it relates. It is, however, provided in each of said acts, as well as many others enacted by our state in different but similar phraseology, and evidently for the sake of convenience, that the particular act may be known or referred to or cited by a brief designation or short title, such as, for instance, ''The State Housing Act'', the title to which act contains more than four hundred words. To repeat this lengthy title every time the act is cited or referred to would be unnecessarily burdensome, and it was to avoid this repetition of the lengthy title that the legislature provided that the particular act might be referred to and cited in a brief and much simpler form. This brief form was not in any sense the title of the act, although in some of the statutes permitting its use it is so referred to. Yet even in those cases where it is expressly designated as a ''short title'', it plainly appears that the sense in which these words are used, and the purpose of their use, are far different from those set forth in section 1197b of the Political Code. In one case the short title is permitted as a mere matter of convenience, while in the other it is required in

order to inform the elector of the nature of the petition which he is asked to sign.

Assuming for the sake of argument that a brief or short title may in some instances show the subject to which the statutes relate, that is no argument that every short title, or the short title used in the petition herein involved, meets the requirements of section 1197b of the Political Code, or that it expresses the subject of the proposed measure set out in the petition herein. As we have seen, the subject of this proposed measure is a tax on gross sales, and the short title used in said petition gives no inkling that such is the purpose of the proposed measure. We might illustrate the insufficiency of this short title by recalling the proposed constitutional amendment which at different times during the past few years has been submitted to the voters of the state providing for the so-called single tax system for raising state revenues. This proposed measure provided that all governmental revenues should be raised by a tax on land. Would a short title simply stating that the proposed measure was an "Initiative Measure Providing for Adoption of Land Act", have given to the electors any information that the proposed constitutional amendment was to wipe out all existing laws relative to taxation and to substitute in their place an entirely new system placing the entire burden of maintaining our state and its subdivisions upon the land of the state? To ask this question is to answer it in the negative. A further illustration might be had from our present law respecting the gasoline tax. Had the statute creating this tax been entitled, "Gasoline Act" or "A Measure Providing for Adoption of Gasoline Act", would anyone contend that this title expressed the subject to which the act related, or gave any information to anybody that the proposed measure contemplated a tax on gasoline sold throughout the state? We hardly think anyone would care to risk his professional reputation by answering this question in the affirmative. So with the short title used in the present petition. It makes no reference directly or indirectly to the subject of taxation concerning which the proposed measure primarily and exclusively deals. It does not, therefore, show the nature of the petition nor the subject to which the petition relates. It does not, in our opinion, amount to even a substantial compliance

with the requirements of section 1197b of the Political Code, and for that reason we are constrained to hold that the proposed measure set out in the said petition is not entitled to be submitted to the electors of the state.

Respondent further contends that the Constitution contains a complete scheme for proposing a law or constitutional amendment and that section 1197b of the Political Code, being an act of the legislature passed for the purpose of facilitating the operation of the Constitution, must be held to be merely directory. The Constitution itself gives to the legislature the power to enact legislation to facilitate the operation of said section of the Constitution providing for the adoption of laws or the amendment of the Constitution through the power of the initiative. Section 1197b of the Political Code was enacted in pursuance of this authority. Its purpose is to throw additional safeguards around the operation of the initiative law. Its design is to give to the elector additional information other than that afforded by the Constitution as to the nature of the petition which he is asked to sign. No elector can intelligently exercise his rights under the initiative law without a knowledge of the petition which he is asked to sign, and any legislation which will increase the facilities of the elector to acquire such information is well within the terms of the Constitution permitting the enactment of legislation to facilitate the operation of this provision of the Constitution. There is nothing to indicate from the language of the Constitution that such legislation is directory only. Like all statutes of a similar nature, the section of the code here involved is mandatory in its nature.

Let the peremptory writ issue as prayed for.

Preston, J., Waste, C. J., Shenk, J., and Thompson, J., concurred.